<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

CHAMBERS OF
JAMEL K. SEMPER
UNITED STATES DISTRICT JUDGE

FRANK R. LAUTENBERG
POST OFFICE AND COURTHOUSE
NEWARK, NJ 07101
973-645-3493

May 13, 2024

<u>VIA ECF</u>

<u>**LETTER OPINION FILED WITH THE CLERK OF THE COURT**</u>

**Re:**   <u>***Lee v. Gallina-Mecca et al.*, Civil Action No. 23-06495***</u>

Dear Litigants:

Plaintiff Bandy Lee ("Plaintiff" or "Lee") is proceeding *pro se* with an Amended Complaint asserting claims under pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1985(2). (ECF 5.) The current matter comes before the Court on separate motions to dismiss the Complaint filed by Defendant Evelyn Nissirios ("Nissirios") (ECF 9) and Defendant Jane Gallina-Mecca ("Gallina-Mecca") (ECF 16) pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6). Plaintiff opposed Defendants' respective motions. (ECF 17; ECF 25.) Nissirios and Gallina-Mecca each filed briefs in reply. (ECF 22; ECF 26.) The Court reviewed all submissions in support and in opposition and decided the motions without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons stated below, Defendants' motions are **GRANTED** and Plaintiff's Amended Complaint is **DISMISSED without prejudice.**

**I.    <u>BACKGROUND</u>[1]**

Plaintiff asserts a myriad of allegations against Defendant Gallina-Mecca, a Superior Court Judge in New Jersey, and Defendant Nissirios, *guardian ad litem* ("GAL") for Plaintiff's minor niece and nephew in an ancillary Family Court matter. (ECF 5, Am. Compl. at 2.) Although it is difficult to discern exactly what Plaintiff is alleging in her Amended Complaint, Plaintiff seems to contend that Judge Gallina-Mecca and Nissirios acted in concert to violate her First Amendment, Fourth Amendment, and Fourteenth Amendment rights under the Constitution by, in part, interfering with Plaintiff's "medical duties," "tamper[ing] with evidence," and "falsely arrest[ing]" Plaintiff in order to stifle "reports of abuse." (*Id.* at 2-6.)

---

[1] The facts and procedural history are taken from the Amended Complaint ("Am. Compl."), Defendants' respective briefs in support of each motion to dismiss (ECF 9, "Nissirios MTD"; ECF 16, "G.M. MTD"), Plaintiff's respective briefs in opposition (ECF 17, Pl. Opp.; ECF 25, Pl. Opp.), and the respective replies in support of each motion. (ECF 22, "Nissirios Rep."; ECF 26, "G.M. Rep.") The Court also relies on documents integral to or relied upon by the Amended Complaint and the public record. *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997).

The Amended Complaint stems from a child custody proceeding, docketed as BER-FM-02-754-21, involving the minor children of Plaintiff's sister. (*See* ECF 5, Am. Compl.; *see also* ECF 16, G.M. MTD at 2.) Plaintiff claims, in part, that an Order entered on October 18, 2021 was unlawful and violated her rights in numerous ways, including but not limited to prohibiting Plaintiff from communicating with the Department of Child Protection and Permanency regarding her sister's minor children, reporting to the Child Abuse Hotline on behalf of the minor children, and communicating with the minor children's pediatricians and caregivers. (*See* ECF 5, Am. Compl. at 5a-7.) Furthermore, Plaintiff claims Nissirios orchestrated Plaintiff's arrest by Detective Anthony Mormino of the Ridgewood, New Jersey police department for among other things, Plaintiff's violation of a judicial order. (*Id.* at 4.) Plaintiff further contends that one of the ultimate "goals" of the alleged collusion was to "falsely imprison these children for ransom." (*Id.* at 5b.)

On September 7, 2023, Plaintiff filed an Amended Complaint seeking declaratory relief under 28 U.S.C. § 2201 and 2202 and to "declare that Defendants violated [Plaintiff's] constitutional Rights and to provide any appropriate relief" as the Court sees fit. (*See generally* ECF 5, Am. Compl.) Defendants filed the instant motions on October 18, 2023, and December 18, 2023, respectively.

## II.    <u>MOTION TO DISMISS STANDARD</u>

Federal Rule of Civil Procedure 12(b)(6) governs motions to dismiss for "failure to state a claim upon which relief can be granted." For a complaint to survive dismissal under the rule, it must contain sufficient factual matter to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678. Although the plausibility standard "does not impose a probability requirement, it does require a pleading to show more than a sheer possibility that a defendant has acted unlawfully." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (internal quotation marks and citations omitted). As a result, a plaintiff must "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of [his] claims." *Id.* at 789.

In evaluating the sufficiency of a complaint, district courts must separate the factual and legal elements. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009). Restatements of a claim's elements are legal conclusions, and therefore, not entitled to a presumption of truth. *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 224 (3d Cir. 2011). The Court, however, "must accept all of the complaint's well-pleaded facts as true." *Fowler*, 578 F.3d at 210. Even if plausibly pled, however, a complaint will not withstand a motion to dismiss if the facts alleged do not state "a legally cognizable cause of action."[2] *Turner v. J.P. Morgan Chase & Co.*, No. 14-7148, 2015 WL 12826480, at *2 (D.N.J. Jan. 23, 2015).

---

[2] Because Plaintiff is proceeding *pro se*, the Court must construe her pleadings liberally and hold them to a less stringent standard than those filed by attorneys, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), but the "Court need not . . . credit a *pro se* plaintiff's bald assertions or legal conclusions." *Mestman v. Escandon*, No. 14-3880, 2014 WL 11398143, at *1 (D.N.J. June 25, 2014) (internal citations and quotations omitted).

Moreover, while courts liberally construe *pro se* pleadings, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted). "Thus, a *pro se* plaintiff's well-pleaded complaint must recite factual allegations which are sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation, set forth in a 'short and plain' statement of a cause of action." *Johnson v. Koehler*, No. 18-00807, 2019 WL 1231679, at *3 (M.D. Pa. Mar. 15, 2019).

In addition to these pleading rules, a complaint must satisfy Federal Rule of Civil Procedure 8(a), which states that a complaint must contain:

> (a) A pleading that states a claim for relief must contain[:] (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

## III.   LEGAL ANALYSIS

Plaintiff brings this action pursuant to (1) 42 U.S.C. § 1983; and (2) 42 U.S.C. § 1985(2). To state a Section 1983 claim, a plaintiff must demonstrate that "(1) a person deprived him of a federal right; and (2) the person who deprived him of that right acted under color of state or territorial law." *Burt v. CFG Health Sys.*, No. 15-2279, 2015 WL 1646849, at *2 (D.N.J. Apr. 14, 2015).

Section 1983, in relevant part, provides as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress[.]

Furthermore, Plaintiff asserts claims pursuant to the statutory provisions in Section 1985(2), which contain multiple distinct clauses pursuant to which a plaintiff may allege unlawful conspiratorial conduct. "[C]laims under Section 1985 must be pled with specificity in order to withstand a motion to dismiss. Broad, conclusory allegations, unsupported by specific facts implicating specific defendants are insufficient to state a claim upon which relief can be granted." *Sharifi v. Twp. of East Windsor*, No. 21-18097, 2023 WL 2182003, at *6-7 (D.N.J. Feb. 23, 2023) (quoting *Handelman v. New Jersey*, No. 16-2325, 2016 WL 3691976, at *11 (D.N.J. Jul. 12, 2016)).

Even construed liberally, the Court cannot ascertain any clear alleged federal causes of action in the Amended Complaint. While the Amended Complaint cites numerous constitutional provisions as well as federal statutes, their bearing on the limited and/or coherent factual allegations is unclear. Reading the Amended Complaint as liberally as possible, Plaintiff appears

to allege, in part, that there was some broad collusion between Defendants Gallina-Mecca and Nissirios with respect to a family law matter involving Plaintiff's sister's minor children. In the eight-page Amended Complaint, however, Plaintiff fails to tether the specific facts to the claims in her Amended Complaint. Instead, Plaintiff repeatedly groups the Defendants together as a unit of wrong-doers and baldly asserts a system of collusion within the Family Law Court. As currently pled, Plaintiff does not cite to any specific factual allegations to support her claims that a conspiracy existed. Rather, her allegations are at best mere speculation, and at worst, entirely conclusory, but regardless do not allow the court to "draw the reasonable inference that the Defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). Plaintiff's Amended Complaint does not comport with Rule 8 and deprives the Defendants of the requisite notice of the claims against each Defendant. "Even under the most liberal notice pleading requirements of Rule 8(a), a plaintiff must differentiate between defendants." *Shaw v. Hous. Auth. of Camden*, No. 11-4291, 2012 WL 3283402, at *2 (D.N.J. Aug. 10, 2012) (citing *Pietrangelo v. NUI Corp.*, No. 04-3223, 2005 WL 1703200 (D.N.J. July 20, 2005)).

Because Plaintiff is proceeding *pro se*, the Court informs her that if she is attempting to bring a constitutional claim pursuant to 42 U.S.C. § 1983 concerning a judge's rulings in an official court proceeding, she should be aware of the doctrine of judicial immunity. *See, e.g, Stump v. Sparkman*, 435 U.S. 349, 355–56 (1978) (recognizing that "judges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly"); *Figueroa v. Blackburn*, 208 F.3d 435, 440 (3d Cir. 2000) ("The doctrine of judicial immunity is founded upon the premise that a judge, in performing his or her judicial duties, should be free to act upon his or her convictions without threat of suit for damages.").

Additionally, to the extent that Plaintiff is seeking to overturn a state court's family law ruling, Plaintiff needs to be aware of the *Rooker-Feldman* doctrine. "The *Rooker–Feldman* doctrine precludes lower federal courts from exercising appellate jurisdiction over final state-court judgments because such appellate jurisdiction rests solely with the United States Supreme Court." *In re Madera*, 586 F.3d 228, 232 (3d Cir. 2009) (quoting *Lance v. Dennis*, 546 U.S. 459, 463 (2006)); *see also Williams v. BASF Catalysts LLC*, 765 F.3d 305, 315 (3d Cir. 2014). The Third Circuit has ruled that the doctrine applies once four elements are met: "(1) the federal plaintiff lost in state court; (2) the plaintiff 'complain[s] of injuries caused by [the] state-court judgments'; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments." *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 166 (3d Cir. 2010) (citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)). If the *Rooker-Feldman* doctrine applies, this Court will abstain from hearing Plaintiff's claims.

When dismissing a case brought by a *pro se* plaintiff, a court must decide whether the dismissal will be with prejudice or without prejudice, which affords a plaintiff with leave to amend. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 110-11 (3d Cir. 2002). The district court may deny leave to amend only if (a) the moving party's delay in seeking amendment is undue, motivated by bad faith, or prejudicial to the non-moving party or (b) the amendment would be futile. *Adams v. Gould, Inc.*, 739 F.2d 858, 864 (3d Cir. 1984). At this point, the Court cannot conclude that

Plaintiff's claims are futile primarily because the Court cannot determine what exactly the claims are or whom the claims are specifically brought against.

Therefore, the Court shall provide Plaintiff forty-five (45) days to file an amended complaint[3] that cures the deficiencies set forth herein, including a clear recitation of pertinent facts, setting forth a specific cause (or causes) of action, and indicating which alleged facts support each cause of action. If Plaintiff does not submit an amended complaint curing these deficiencies within forty-five (45) days, the dismissal will then be with prejudice. A dismissal with prejudice means that Plaintiff will be precluded from filing any future suit against Defendants concerning the allegations in the Amended Complaint. As such, the Amended Complaint is dismissed in its entirety without prejudice.[4]

## IV.   **CONCLUSION**

For the reasons stated above, Defendant Nissirios's Motion to Dismiss Plaintiff's Amended Complaint (ECF 9) is **GRANTED**, and Defendant Gallina-Mecca's Motion to Dismiss Plaintiff's Amended Complaint (ECF 16) is **GRANTED.** Plaintiff's Amended Complaint is dismissed without prejudice. An appropriate Order accompanies this opinion. Plaintiff may file an amended pleading that is consistent with this Opinion, within forty-five (45) days of the date of the Opinion and the accompanying Order.

*/s/ Jamel K. Semper*
**HON. JAMEL K. SEMPER**
**United States District Judge**

Orig:   Clerk
cc:      Leda D. Wettre, U.S.M.J.
          Parties

---

[3] If Plaintiff does file a second amended complaint, Defendants are not precluded from filing an additional motion to dismiss. The Court's ruling does not prejudice Defendants from litigating the matter as they see fit.

[4] The *Twombly* plausibility standard does not prevent a plaintiff from pleading facts alleged upon information and belief. Allegations may be made upon information and belief, provided that they satisfy Federal Rule 11 and, if applicable, Federal Rule 9(b). *McDermott v. Clondalkin Grp., Inc.*, 649 F. App'x 263, 267-68 (3d Cir. 2016) (acknowledging permissibility of pleading "upon information and belief" if sufficient facts are alleged to make the allegations plausible).