<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

---

PATRICIA LEE and BANDY LEE,

*Plaintiffs*,

v.

JANE GALLINA-MECCA, et al.,

*Defendants*.

Civil Action No. 23-6495

**OPINION**

June 6, 2025

---

**SEMPER**, District Judge.

The current matter comes before the Court on Defendant Michael Piacenza's ("Piacenza") motion to dismiss the Second Amended Complaint (ECF 30, "SAC") pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF 44.) Plaintiffs opposed Defendant's motion. (ECF 49, "Opp.") Piacenza filed a brief in reply. (ECF 47, "Reply.") The Court reviewed all submissions in support and in opposition and decided the motion without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons stated below, Defendant's motion to dismiss is **GRANTED**.

## I.   <u>**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**[1]</u>

*Pro se* Plaintiffs Bandy Lee and Patricia Lee bring this action stemming from Defendants'[2] alleged efforts to deprive Patricia Lee of custody to her two minor children, and Defendants'

---

[1] When considering a motion to dismiss under Rule 12(b)(6), the Court is obligated to accept as true allegations in the complaint and all reasonable inferences that can be drawn therefrom. *See Rocks v. City of Phila.*, 868 F.2d 644, 645 (3d Cir. 1989). The Court also considers any "document integral to or explicitly relied upon in the complaint." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997).

[2] In addition to Piacenza, Patricia and Bandy also brought suit against Judge Jane Gallina-Mecca, a family court judge presiding over a state court action, *Chan v. Lee*, Docket No. FM-02-754-21 (the "State Court Action") and Evelyn Nissirios, the guardian *ad litem* for Patricia Lee's two minor children. (SAC ¶¶ 13-15.)

1

alleged efforts to prevent Patricia's sister, co-Plaintiff Bandy Lee, access to Patricia's children. (*See* ECF 30, SAC.)

On November 12, 2021, in the State Court Action, Judge Gallina-Mecca transferred Plaintiff Patricia Lee's minor children to the sole custody of Alan T. Chan, the children's father and the plaintiff in the State Court Action. (SAC ¶ 16.) Patricia Lee attempted to persuade the state court to re-examine the November 12, 2021 order to no avail. (*Id.* ¶ 17.) In the SAC, Plaintiffs allege that Defendants Gallina-Mecca and Nissirios "maintained a collusive effort to bar Mother [Patricia Lee] from access to her minor children." (*Id.* ¶ 21; *see also id.* ¶¶ 22-34.) They also allege that Gallina-Mecca and Nissirios prevented Patricia from obtaining relevant documents and transcripts; holding *ex parte* hearings and communications; and "suppress[ing]" expert reports in the State Court Action in violation of her right to due process. (*Id.* ¶¶ 35-41.)

Defendant Piacenza was the principal of the school where both minor children were students in 2022. (*Id.* ¶ 55.) Plaintiffs allege that on June 22, 2022, Plaintiff Bandy Lee and a non-plaintiff medical and psychiatric practitioner named Dr. Barry Roth "attempted to meet with" Piacenza regarding their concerns about the minor children.[3] (*Id.* ¶¶ 42, 45.) Plaintiffs allege that Piacenza initially did not instruct Bandy Lee or Roth to leave the school (*id.* ¶ 43), but then, "collusively" with the other defendants, Piacenza caused Bandy Lee and Roth to be arrested on school grounds without probable cause (the "June 22 Arrest"). (*Id.* ¶¶ 44, 46.) Plaintiffs allege that Defendants maliciously instigated the arrests to intimidate Plaintiff Bandy Lee and Dr. Roth and prevent them from investigating the minor children's welfare and acting as witnesses in the State

---

[3] Before this attempted meeting, on or about May 20, 2022, Bandy Lee was contacted by a state police officer and informed that Judge Gallina-Mecca had reported her as a "terrorist threat" to Judge Gallina-Mecca following a letter Plaintiff Bandy Lee wrote to Judge Gallina-Mecca. (*Id.* ¶¶ 49-50.)

Court Action. (*Id.* ¶ 47.) Plaintiffs also allege Defendants were motivated by "a discriminatory animus" against Bandy Lee, who is an Asian-American woman. (*Id.* ¶ 52.)

Plaintiffs further allege that on September 29, 2022, while Plaintiff Patricia Lee was volunteering at her children's elementary school—as she had done on many occasions before—Defendant Piacenza "conspired" with the other Defendants to "instigate" Patricia's arrest on the school grounds (the "September 29 Arrest" and, together with the June 22 Arrest, the "Arrests"). (*Id.* ¶¶ 54-57.) Plaintiffs allege that Defendants maliciously instigated Patricia Lee's September 29 Arrest to intimidate her and prevent her from "pursuing justice" for her minor children in the State Court Action. (*Id.* ¶¶ 57-58.) Plaintiffs also allege that, as with the arrest of Bandy Lee, Defendants were motivated by a discriminatory animus against Patricia Lee as an Asian-American woman. (*Id.* ¶ 59.)

The SAC includes additional allegations against Judge Gallina-Mecca, including that Judge Gallina-Mecca denied Plaintiffs' free speech rights by prohibiting Patricia Lee from making comments about the State Court Action to third parties and wrongfully holding Patricia Lee in "default" in the State Court Action. (*Id.* ¶¶ 60-66.)

On June 25, 2024, Plaintiffs filed the SAC against Gallina-Mecca, Nissirios, and Piacenza.[4] (ECF 30.) On July 23, 2024, Judge Gallina-Mecca and Nissirios each filed their respective motions to dismiss. (ECF 33, ECF 34.) On September 27, 2024, Piacenza filed the instant motion to dismiss the SAC. (ECF 44.) On February 10, 2025, this Court granted Gallina-Mecca's and Nissirios' motions to dismiss with prejudice; that opinion did not address Piacenza's motion to dismiss. (ECF 52, ECF 53.) The SAC brings four causes of action against all Defendants: denial of due process under 42 U.S.C. § 1983 (Count 1); Conspiracy to Obstruct Justice by Means of Threats and

---

[4] Piacenza is a newly added Defendant. (*See* ECF 1, ECF 5.)

Intimidation under 42 U.S.C. § 1985(2) (Count 2); Denial of Free Speech and Freedom of Press under 42 U.S.C. § 1983 (Count 3); and Malicious Prosecution under New Jersey State law (Count 4).

## II.    LEGAL STANDARD

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a defendant to move to dismiss a count for "failure to state a claim upon which relief can be granted[.]" To withstand a motion to dismiss under Rule 12(b)(6), a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint is plausible on its face when there is enough factual content "that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the plausibility standard "does not impose a probability requirement, it does require a pleading to show more than a sheer possibility that a defendant has acted unlawfully." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (internal quotation marks and citations omitted). As a result, a plaintiff must "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of [his] claims." *Id*. at 789.

In evaluating the sufficiency of a complaint, a district court must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008). The court, however, is "not compelled to accept unwarranted inferences, unsupported conclusions or legal conclusions disguised as factual allegations." *Baraka v. McGreevey*, 481 F.3d 187, 211 (3d Cir. 2007). It is well established that a *pro se* complaint "however inartfully pleaded[,] must be held to less stringent standards than formal pleadings drafted by lawyers." *Montgomery v. Pinchak*, 294 F.3d 492, 500 (3d Cir. 2002) (internal quotation marks and citations omitted); *see also Haines v. Kerner*,

404 U.S. 519, 520 (1972).  The Court is obligated to construe *pro se* claims liberally and afford *pro se* plaintiffs the benefit of every doubt.  *Alexander v. Gennarini*, 144 F. App'x 924, 926 (3d Cir. 2005).  If, after viewing the allegations in the complaint most favorably to the plaintiff, it appears that no relief could be granted under any set of facts consistent with the allegations, a court may dismiss the complaint for failure to state a claim.  *DeFazio v. Leading Edge Recovery Sols.*, No. 10-02945, 2010 WL 5146765, at *1 (D.N.J. Dec. 13, 2010).

### III.    ANALYSIS

#### A.  Denial of Due Process Under Section 1983 (Count 1)

##### i.  Piacenza's Denial of Plaintiffs' Due Process Rights

Plaintiffs generally allege in the SAC that all Defendants are liable under 42 U.S.C. § 1983 ("Section 1983") for the "denial of due process of law." (SAC ¶¶ 70-78.) While it is unclear whether Plaintiffs allege procedural or substantive due process violations against Piacenza, Plaintiffs allege that all Defendants "retaliated against Plaintiffs for reporting judicial misconduct and wrongdoing" and denied Plaintiffs access to court records. (SAC ¶¶ 71-72, 76.) The Court find that Plaintiffs fail to state a claim for denial of due process under Section 1983.

The Fourteenth Amendment provides that "no State shall . . . deprive any person of life, liberty, or property, without due process of law . . . ." U.S. Const. amend. XIV, § 1. To state a claim for a violation of procedural due process rights, "a plaintiff must allege that (1) he was deprived of an individual interest that is encompassed within the Fourteenth Amendment's protection of 'life, liberty, or property,' and (2) the procedures available to him did not provide 'due process of law.'" *Hill v. Borough of Kutztown*, 455 F.3d 225, 234 (3d Cir. 2006) (quoting *Alvin v. Suzuki*, 227 F.3d 107, 116 (3d Cir. 2000)). To the extent Plaintiffs' due process claim is based on an alleged denial of procedural due process, it fails. The SAC does not allege any

5

individual interest encompassed within the Fourteenth Amendment that Piacenza violated, nor does it allege that Piacenza (rather than the other Defendants) provided or was involved in any procedures related to Plaintiffs.

Insofar as Plaintiffs' due process claim is based on substantive due process, it also fails. "Substantive due process is a 'component of the [Fourteenth Amendment] that protects individual liberty against certain government actions regardless of the fairness of the procedures used to implement them.'" *Newark Cab Ass'n v. City of Newark*, 901 F.3d 146, 155 (3d Cir. 2018) (quoting *Collins v. City of Harker Heights*, 503 U.S. 115, 125 (1992)). "The 'threshold' to establishing a non-legislative substantive due process claim is that a plaintiff 'has a protected property interest to which the Fourteenth Amendment's due process protection applies.'" *Id.* (quoting *Nicholas v. Pa. State Univ.*, 227 F.3d 133, 140 (3d Cir. 2000)).

Plaintiffs' SAC fails to identify a protected property interest that Piacenza allegedly deprived them of. Even viewing the allegations in the light most favorable to the Plaintiffs, other courts in this Circuit have held that parents do not have a constitutional due process right to access school property. *See, e.g.*, *Cunningham v. Lenape Reg'l High Dist. Bd. of Educ.*, 492 F. Supp. 2d 439, 450 (D.N.J. 2007) ("[T]he reality of our times, and indeed common sense, suggests that the public—parents included—cannot have unfettered access to the halls of learning. We are not too far removed from the tragedies of Columbine or the Amish school shooting to forget that the safety of our children and school officials is paramount."); *see also Grim v. Pennsbury Sch. Dist.*, No. 14-04217, 2015 WL 1312482, at *13 (E.D. Pa. Mar. 24, 2015) (collecting cases).

Perhaps aware of the deficiency of their due process claim against Piacenza, Plaintiffs argue in their opposition brief that their Section 1983 claim should survive because Defendants, including Piacenza, violated their Fourth Amendment rights "by means of a conspiracy to have

them both illegally arrested and prosecuted" (Opp. at 9) and their First Amendment rights[5] by "punish[ing] Plaintiffs for attempting to criticize officials involved in the litigation." (Opp. at 10.)

As a threshold matter, however, Plaintiffs' Fourth Amendment claim against Piacenza fails because Plaintiffs do not allege a Fourth Amendment violation in the SAC and Plaintiffs may not amend the complaint through their brief in opposition to the motion to dismiss.[6] *Herman v. S. Orange-Maplewood Sch. Dist. Bd. of Educ.*, No. 22-5873, 2023 WL 2540428, at *3 (D.N.J. Mar. 15, 2023) (citing *Pa. ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988)).

### ii.  Conspiracy to Deny Civil Rights Under Section 1983

Plaintiffs also allege that "Defendants have engaged in a conspiracy to deny the civil rights of Mother [Patricia Lee] and her minor children." (SAC ¶ 71.) Piacenza argues that Plaintiffs have not adequately alleged a conspiracy. (Br. at 3-10, Reply at 1-5.)

The elements of a claim of conspiracy to violate federal civil rights are that "(1) two or more persons conspire to deprive any person of [constitutional rights]; (2) one or more of the conspirators performs . . . any overt act in furtherance of the conspiracy; and (3) that overt act injures the plaintiff in his person or property or deprives the plaintiff of any right or privilege of a citizen of the United States, with the added gloss under § 1983 that the conspirators act under the color of state law.'" *Jutrowski v. Twp. of Riverdale*, 904 F.3d 280, 294 n.15 (3d Cir. 2018) (quoting *Barnes Foundation v. Township of Lower Merion*, 242 F.3d 151, 162 (3d Cir. 2001)). To prevail on a conspiracy claim under Section 1983, a plaintiff must prove that persons acting under color of state law "reached an understanding" to deprive him of his constitutional rights. *Id.* at 293–94 (quoting *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150-52 (1970)).

---

[5] Plaintiffs' First Amendment claims are addressed in Section III.C., *infra*.
[6] For this reason, the Court does not address the parties' arguments regarding false arrest. (Opp. at 9-10; Reply at 5-7.)

Plaintiffs do not sufficiently allege a conspiracy under Section 1983 against Piacenza. The SAC is devoid of allegations of any kind of agreement, understanding, or meeting of the minds between Piacenza and the other Defendants or other law enforcement officials involved in the arrests of Plaintiffs and/or the State Court Action. *See Great W. Mining & Min. Co. v. Fox Rothschild LLP*, 615 F.3d 159, 179 (3d Cir. 2010) (rejecting Section 1983 conspiracy claim where plaintiff "failed to allege except in general terms the approximate time when the agreement was made, the specific parties to the agreement . . . the period of the conspiracy, or the object of the conspiracy.").

Plaintiffs have therefore failed to state a claim for violation of their due process rights, and Count 1 is dismissed.

### B. 42 U.S.C. § 1985(2) Claim (Count 2)

Piacenza argues that Plaintiffs' 42 U.S.C. § 1985(2) ("Section 1985") conspiracy claim against him should be dismissed because Plaintiffs failed to allege facts of discriminatory animus under 42 U.S.C. § 1985(2). (Br. at 5-6.). Defendant further argues that the SAC does not plausibly suggest a "meeting of the minds" between Defendants as required under the statute. (*Id.* at 7-8.)

Plaintiffs allege that their Section 1985 claim arises under the second clause of 42 U.S.C. § 1985(2). (SAC ¶ 82.) This section prohibits persons from conspiring

> for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws, or to injure him or his property for lawfully enforcing, or attempting to enforce, the right of any person, or class of persons, to the equal protection of the laws.

42 U.S.C. § 1985(2).

Plaintiffs' claim against Piacenza for violation of the second clause of 42 U.S.C. § 1985(2) must be dismissed for two reasons. First, the Court agrees with Piacenza that the SAC fails to allege facts to support the conclusion that Piacenza was part of a conspiracy to discriminate against

8

Plaintiffs. (Reply at 10-11.) To state a claim under the second clause of Section 1985(2), Plaintiffs must allege Defendants "colluded with the requisite 'racial, or . . . otherwise class-based, invidiously discriminatory animus.'" *Davis v. Twp. of Hillside*, 190 F.3d 167, 171 (3d Cir. 1999) (citing *Kush v. Rutledge*, 460 U.S. 719, 725 (1983)). Here, Plaintiffs' only allegation regarding Piacenza's discriminatory animus is that Defendants were "motivated by a discriminatory animus" against Plaintiffs as Asian-American women. (SAC ¶ 48, 53, 59.) Plaintiffs' bare allegations merely parrot the law and thus are insufficient. *See Sharifi v. Twp. of E. Windsor*, No. 21-18097, 2023 WL 2182003, at *6 (D.N.J. Feb. 23, 2023) (quoting *Handelman v. New Jersey*, Civ. No. 16-2325, 2016 WL 3691976, at *11 (D.N.J. July 12, 2016)) ("[C]laims under Section 1985 must be pled with specificity in order to withstand a motion to dismiss. Broad, conclusory allegations, unsupported by specific facts implicating specific defendants are insufficient to state a claim upon which relief can be granted.").

Second, Plaintiffs' Section 1985(2) claim against Piacenza must be dismissed because the SAC fails to set forth any facts from which the Court could infer an agreement or understanding among the Defendants constituting a conspiracy. *See Sharifi*, 2023 WL 2182003, at *6–7. Plaintiffs' conclusory allegations, without more, that all Defendants conspired to prevent Plaintiffs from testifying in the State Court Action or "pursuing justice" are insufficient to withstand a motion to dismiss. (SAC ¶¶ 47, 58, 80.) *See Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) ("[A] court need not credit a complaint's 'bald assertions' or 'legal conclusions' when deciding a motion to dismiss."); *see also Brown v. Deparlos*, 492 F. App'x 211, 215 (3d Cir. 2012) ("the bare allegation of an agreement is insufficient to sustain a conspiracy claim"). For the foregoing reasons, Count 2 is dismissed.

9

C. **Denial of Free Speech and Freedom of Press Under the First Amendment (Count 3)**

Plaintiffs allege that Defendants denied their right to engage in constitutionally protected speech "through arbitrary, illegal orders issued against Plaintiffs' right to make or publish comments about the State Court action, and through threats to punish [Patricia Lee] if she published or communicated any facts about the State Court Action." (SAC ¶¶ 91-92.) All of Plaintiffs' allegations regarding free speech relate to Judge Gallina-Mecca's orders limiting Patricia Lee's ability to comment publicly about the State Court Action. (*See* SAC ¶¶ 60-63.)

The First Amendment of the Constitution provides that "Congress shall make no law. . . abridging the freedom of speech, or of the press." U.S. Const. amend. I. There are no allegations in the SAC that Piacenza denied or limited Plaintiffs' speech. (*See generally* SAC.) Even construing the Plaintiffs' claims liberally, *see Alexander*, 144 F. App'x at 926, the Court cannot identify a single allegation related to Defendant Piacenza that would be covered by Plaintiffs' First Amendment claim.

In their opposition to Piacenza's motion to dismiss (ECF 49), Plaintiffs separately argue that Piacenza violated their First Amendment rights by "punish[ing] Plaintiffs for attempting to criticize officials involved in the litigation." (Opp. at 10.) Notwithstanding the fact that Plaintiffs cannot raise this allegation for the first time in their briefing, *see Herman*, 2023 WL 2540428, at *3, this argument also substantively fails. "In order to plead a retaliation claim under the First Amendment, a plaintiff must allege: (1) constitutionally protected conduct, (2) retaliatory action sufficient to deter a person of ordinary firmness from exercising his constitutional rights, and (3) a causal link between the constitutionally protected conduct and the retaliatory action." *Thomas v. Indep. Twp.*, 463 F.3d 285, 296 (3d Cir. 2006). Aside from general, conclusory statements, Plaintiffs fail to allege any causal connection between their criticism of officials involved in the

10

State Action and Piacenza's alleged involvement in their arrests on school grounds. *See Cunningham*, 492 F. Supp. 2d at 449.

For the foregoing reasons, Plaintiffs' First Amendment claim (Count 3) is dismissed.

### D.  Malicious Prosecution Under New Jersey Law (Count 4)

Plaintiffs next allege that Defendants maliciously prosecuted Bandy Lee and Patricia Lee by instigating the Arrests without probable cause. (SAC ¶¶ 101-02.) Plaintiffs do not identify what criminal charges Plaintiffs faced following the arrests. (*See generally* SAC.) To state a malicious prosecution claim under New Jersey common law, Plaintiffs must plead that "(1) that the criminal action was instituted by the defendant[ ] against the plaintiff[s], (2) that is was actuated by malice, (3) that there was an absence of probable cause for the proceeding, and (4) that it was terminated favorably to the plaintiff[s]." *Frost v. Cnty. of Monmouth*, No. 17-4395, 2018 WL 1469055, at *9 (D.N.J. Mar. 26, 2018) (quoting *Epperson v. Wal–Mart Stores, Inc.*, 862 A.2d 1156, 1160 (N.J. Super. Ct. App. Div. 2004)).

Plaintiffs' common law malicious prosecution claim is procedurally defective under the New Jersey Tort Claims Act (NJTCA) and, as such, must be dismissed. Malicious prosecution under New Jersey common law is a tort claim subject to compliance with the NJTCA. *See Fallen v. City of Newark*, No. 15-2286, 2023 WL 4118142, at *7 (D.N.J. June 22, 2023). The NJCTA requires plaintiffs to submit a notice of the common law tort claim to the defendant public entity within ninety days of the claim's accrual and file suit within two years after the claim's accrual. N.J. Stat. Ann. 59:8–8(a–b). Suits against a public officer in their official and personal capacity are subject to the notice provisions of the NJCTA. *Zengotita v. New Jersey*, No. 20-01674, 2022 WL 538531, at *7 (D.N.J. Feb. 23, 2022). The Complaint is devoid of any assertion or evidence that Plaintiffs provided timely written notice to Piacenza as required under the

NJCTA. As such, Plaintiffs' malicious prosecution claim is procedurally defective under the NJTCA.

Plaintiffs' malicious prosecution claim is also inadequately pleaded under Rule 12(b)(6). Specifically, Plaintiffs have not adequately pleaded that Piacenza "instituted" the criminal proceedings against them.[7] The only allegations in the SAC related to Piacenza's involvement in the Arrests are that Piacenza, with the other Defendants, instigated the arrests maliciously. (SAC 46-47, 56-58.) These general allegations are insufficient for pleading a malicious prosecution claim especially where, like here, Piacenza did not personally arrest or charge Plaintiff. *See Johnson v. DeBiaso*, No. A-0524-08T1, 2009 WL 1065994, at *4 (N.J. Super. Ct. App. Div. Apr. 22, 2009) ("In short, there must be encouragement, participation in, and perhaps even pressure asserted on the charging authorities"); *Maultsby v. RIH Acquisitions NJ, LLC*, No. 09-4376, 2011 WL 6779556, at *9 (D.N.J. Dec. 27, 2011) (noting that defendant casino that called the Division of Gaming Enforcement to eject Plaintiff from the casino did not "institute" the arrest of Plaintiff for purposes of a New Jersey malicious prosecution claim); *cf. Merkle v. Upper Dublin Sch. Dist.*, 211 F.3d 782, 794 (3d Cir. 2000) (holding that school district could be held liable for malicious prosecution where school superintendent pressured police to charge teacher with theft).

For the foregoing reasons, Plaintiffs' malicious prosecution claim against Piacenza (Count 4) is dismissed.

---

[7] Because the Court finds that Plaintiffs failed to allege that Piacenza instituted the Arrests, the Court does not address the other three factors.

IV.    **CONCLUSION**

For the reasons stated above, Defendant Piacenza's motion to dismiss (ECF 44) is **GRANTED**. Plaintiffs' claims against Defendant Piacenza are dismissed without prejudice. An appropriate order follows.

*/s/ Jamel K. Semper*
**HON. JAMEL K. SEMPER**
**United States District Judge**

Orig:  Clerk
cc:    Leda D. Wettre, U.S.M.J.
       Parties