NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

PATRICIA LEE and BANDY LEE,

*Plaintiffs*,

v.

JANE GALLINA-MECCA, et al.,

*Defendants*.

Civil Action No. 23-06495

**OPINION AND ORDER**

March 3, 2026

**SEMPER**, District Judge.

The current matter comes before the Court on Defendant Michael Piacenza's ("Defendant" or "Piacenza") motion to dismiss the Third Amended Complaint (ECF 56, "TAC") pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF 58.) Plaintiffs Patricia Lee and Bandy Lee ("Plaintiffs") did not file an opposition to Defendant's motion. The Court reviewed all submissions in support and decided the motion without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons stated below, Defendant's motion to dismiss is **GRANTED**.

## I.   FACTUAL BACKGROUND AND PROCEDURAL HISTORY[1]

*Pro se* Plaintiffs Patricia Lee and Bandy Lee bring this action arising from Defendant Michael Piacenza's alleged involvement in their 2022 arrests at Ridge Elementary School in Ridgewood, New Jersey, where Piacenza was principal. (*See* ECF 56, TAC.)

---

[1]When considering a motion to dismiss under Rule 12(b)(6), the Court is obligated to accept as true allegations in the complaint and all reasonable inferences that can be drawn therefrom. *See Rocks v. City of Phila.*, 868 F.2d 644, 645

1

On November 12, 2021, state court family judge Jane Gallina-Mecca ordered the transfer of Patricia Lee's minor children to the sole custody of Alan T. Chan, Patricia Lee's ex-husband and the children's father. (TAC ¶¶ 12-13.) Plaintiffs believed that this result was unjust and that the father was abusive, and following the state court decision they began advocating for "justice" and "the children's welfare." (*Id.* ¶¶ 13-14.) On May 20, 2022, Bandy Lee was informed by a state police officer that she had been reported as a "terrorist threat" by Judge Gallina-Mecca following a letter she wrote to Judge Gallina-Mecca. (*Id.* ¶ 16.)

Plaintiffs allege that by May 2022, they had received reports indicating that the health of Patricia Lee's children was acutely deteriorating under the father's custody. (*Id.* ¶ 15.) Following these alleged reports, on June 22, 2022, Plaintiff Bandy Lee and non-party Dr. Barry Roth, a medical and psychiatric practitioner, attempted to meet with Piacenza at the Ridge Elementary School, where Patricia Lee's minor children were students, to discuss their concerns about the children's wellbeing. (*Id.* ¶¶ 11, 17.) Plaintiffs allege that Piacenza allowed them to enter the school to make an appointment with his secretary, but minutes later police arrived and the pair were arrested (the "June 22 Arrest"). (*Id.* ¶¶ 17-18.) Plaintiffs allege that Piacenza coordinated the arrest with the children's father and caused Bandy Lee and Dr. Roth to be arrested on school grounds without any lawful basis. (*Id.* ¶¶ 18-20.) Plaintiffs further allege that Piacenza's "true motive" in "orchestrating" Bandy Lee's arrest was to intimidate and retaliate against Plaintiffs for their "advocacy" in the family court matter. (*Id.* ¶ 21.) Bandy Lee and Dr. Roth subsequently faced misdemeanor charges for trespass. (*Id.* ¶ 22.)

Plaintiffs further allege that on September 29, 2022, while Patricia Lee was volunteering at the children's elementary school—as she had allegedly done several occasions before—

---

(3d Cir. 1989). The Court also considers any "document integral to or explicitly relied upon in the complaint." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997).

Defendant Piacenza "conspired with the exact same family court actors to have Patricia Lee arrested on school grounds that day, despite knowing that she was authorized to be there and engaged in legitimate activities" (the "September 29 Arrest" and, together with the June 22 Arrest, the "Arrests"). (*Id.* ¶¶ 24-25.) Patricia Lee alleges she was arrested without probable cause and that "the decision to have [her] arrested was pretextual and driven by external pressure from the GAL and others who wanted to further punish Patricia Lee for her advocacy[.]" (*Id.* ¶ 27; *see also id.* ¶ 28.) Patricia Lee faced "criminal charges" following her September 29 Arrest, all of which were dismissed, except an "ordinance violation." (*Id.* ¶ 29.) Plaintiffs further allege that Defendant was motivated by "a discriminatory animus" against Patricia and Bandy Lee, who are Asian-American women. (*Id.* ¶ 33.)

Plaintiffs filed this action on August 21, 2023. (ECF 1.) On June 25, 2024, Plaintiffs filed the Second Amended Complaint (ECF 30, "SAC") against Judge Gallina-Mecca and Evelyn Nissirios, Patricia Lee's children's guardian *ad litem*, and added Michael Piacenza as a new Defendant. On February 10, 2025, this Court granted Judge Gallina-Mecca's and Nissirios' motions to dismiss the SAC. (ECF 52, ECF 53.) On June 6, 2025, the Court dismissed the allegations against Piacenza in the SAC without prejudice. (ECF 54; ECF 55.) On June 25, 2025, Plaintiffs filed the Third Amended Complaint against Piacenza. (ECF 56, TAC.) The TAC brings three causes of action against Defendant Piacenza: deprivation of Fourth Amendment rights under 42 U.S.C. § 1983 by causing Plaintiffs to be arrested without probable cause or other legal justification (Count 1); First Amendment retaliation under 42 U.S.C. § 1983 (Count 2); and intentional discrimination on the basis of race and/or sex in violation of Fourteenth Amendment Equal Protection under 42 U.S.C. § 1983 (Count 3). (TAC ¶¶ 36-62.)

On July 23, 2025, Piacenza moved to dismiss the TAC. (ECF 58.) Plaintiffs did not oppose the motion to dismiss. On January 15, 2026, Plaintiffs filed a letter informing the Court that they timely filed their opposition to Piacenza's motion to dismiss but due to a "docketing issue," the brief was not filed. (ECF 60.) Plaintiffs requested leave to file their opposition brief late. (*Id.*) On January 21, 2026, Piacenza filed a letter requesting that the Court decline to accept Plaintiffs' opposition brief or, in the alternative, grant Piacenza the opportunity to file a reply brief. (ECF 61.) The Court will not consider Plaintiffs' untimely opposition brief. Plaintiffs are frequent filers and, although they are *pro se*, have demonstrated a basic knowledge of the court system. The Court therefore does not find that good cause exists to extend Plaintiffs' time to file their opposition brief. *See* Fed. R. Civ. P. 6(b).

## II.    LEGAL STANDARD

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a defendant to move to dismiss a count for "failure to state a claim upon which relief can be granted[.]" To withstand a motion to dismiss under Rule 12(b)(6), a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint is plausible on its face when there is enough factual content "that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the plausibility standard "does not impose a probability requirement, it does require a pleading to show more than a sheer possibility that a defendant has acted unlawfully." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (internal quotation marks and citations omitted). As a result, a plaintiff must "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of [his] claims." *Id*. at 789.

In evaluating the sufficiency of a complaint, a district court must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008).  The court, however, is "not compelled to accept unwarranted inferences, unsupported conclusions or legal conclusions disguised as factual allegations."  *Baraka v. McGreevey*, 481 F.3d 187, 211 (3d Cir. 2007).  It is well established that a *pro se* complaint "however inartfully pleaded[,] must be held to less stringent standards than formal pleadings drafted by lawyers."  *Montgomery v. Pinchak*, 294 F.3d 492, 500 (3d Cir. 2002) (internal quotation marks and citations omitted); *see also Haines v. Kerner*, 404 U.S. 519, 520 (1972).  The Court is obligated to construe *pro se* claims liberally and afford *pro se* plaintiffs the benefit of every doubt.  *Alexander v. Gennarini*, 144 F. App'x 924, 926 (3d Cir. 2005).  If, after viewing the allegations in the complaint most favorably to the plaintiff, it appears that no relief could be granted under any set of facts consistent with the allegations, a court may dismiss the complaint for failure to state a claim.  *DeFazio v. Leading Edge Recovery Sols.*, No. 10-02945, 2010 WL 5146765, at *1 (D.N.J. Dec. 13, 2010).

## III.    DISCUSSION

### A.  False Arrest (Count 1)

The first cause of action in the TAC is for false arrest pursuant to 42 U.S.C. § 1983 ("Section 1983"). In his motion to dismiss, Defendant argues that the Arrests were instituted by law enforcement and that he did not personally participate in the Arrests beyond calling the police. (ECF 58-1, MTD Br., at 4-5.)

To bring a claim under Section 1983, a plaintiff "must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

Additionally, each defendant "must have personal involvement in the alleged wrongs to be liable and cannot be held responsible for a constitutional violation which he or she neither participated in nor approved." *Saisi v. Murray*, 822 F. App'x 47, 48 (3d Cir. 2020) (per curiam) (citation omitted). To state a claim for false arrest, a plaintiff must allege: (1) the defendant arrested him; and (2) the arrest was made without probable cause. *Dowling v. City of Philadelphia*, 855 F.2d 136, 141 (3d Cir. 1988). Probable cause "exists when the facts and circumstances within the arresting officer's knowledge are sufficient in themselves to warrant a reasonable person to believe that an offense has been or is being committed by the person to be arrested." *Alexander v. Borough of Pine Hill*, No. 17-6418, 2020 WL 6779148, at *6 (D.N.J. Nov. 18, 2020) (quoting *Orsatti v. New Jersey State Police*, 71 F.3d 480, 482 (3d Cir. 1995)).

The Court agrees with Piacenza that the Third Amended Complaint does not include allegations establishing Piacenza's personal involvement in the Arrests. *See Saisi*, 822 F. App'x at 48. This Court finds persuasive the reasoning set forth in *Camac v. Long Beach City Sch. Dist.*, in which the court stated, "[i]n the context of false arrest, liability will not attach[ ] to a defendant who 'merely seeks police assistance or furnishes information to law enforcement authorities who are then free to exercise their own judgment as to whether an arrest should be made.'" No. 09-5309, 2011 WL 3030345, at *8 (E.D.N.Y. July 22, 2011) (quoting *Paul v. Bank of Am. Corp.,* 2011 WL 685083, at *6 (E.D.N.Y. Feb. 14, 2011)). Although Plaintiffs allege that Piacenza provided false information to the police, which other courts have held is enough in some circumstances to state a false arrest claim, *see id.*, such allegations here are conclusory and threadbare. (TAC ¶ 39.)

Moreover, the allegations in the TAC demonstrate that Piacenza had probable cause to call the police and request Bandy Lee's and Patricia Lee's removal from the school. As to Bandy Lee, Plaintiffs allege that Bandy Lee was being investigated as a terrorist threat and that she and Dr.

6

Roth did not have an appointment with Piacenza on June 22, 2022. (*Id.* ¶ 16-17.) Moreover, Plaintiffs allege that it was the school security officer and Ridgewood police officer Anthony Mormino who blocked Bandy and Dr. Roth from entering the school and called the police officers who ultimately arrested Bandy Lee. (*Id.* ¶ 18.)

As to Patricia Lee, Plaintiffs allege that on November 12, 2021, the Family Court judge in Patricia Lee's divorce proceedings granted sole legal and physical custody of Patricia Lee's children to their father, and that Piacenza had been in touch with both the father and the children's guardian *ad litem* before the arrests. (*Id.* ¶¶ 13, 15.) Plaintiffs also allege that Piacenza was in receipt of a court order that he believed required Patricia Lee's removal from school grounds. (*Id.* ¶ 27.) For the foregoing reasons, the false arrest claim is dismissed with prejudice.

### B.  First Amendment Retaliation (Count 2)

Plaintiffs next allege that Piacenza violated their First Amendment right to free speech by effectuating their arrests. (TAC ¶¶ 45-54.) Plaintiffs allege that the Arrests were retaliation for Bandy Lee's "critici[sm] [of] the family court judge and the handling of the family court case" and Patricia Lee "persistently rais[ing] concerns in court filings and to oversight bodies about the safety of her children and the fairness of the proceedings (petitioning activity)[.]" (*Id.* ¶ 46; *see also id.* ¶¶ 47-48.)

To establish a claim for speech retaliation under § 1983, a plaintiff must show that (1) the plaintiff engaged in constitutionally protected speech, (2) the government took retaliatory action that was sufficient to deter a person of ordinary firmness from exercising their constitutional rights, and (3) there is a causal connection between the protected speech and the retaliatory action. *Cooper v. Menges*, 541 F. App'x 228, 232 (3d Cir. 2013). The causal connection requires either "(1) an unusually suggestive temporal proximity between the protected activity and the allegedly

retaliatory action, or (2) a pattern of antagonism coupled with timing to establish a causal link." *Lauren W. ex rel. Jean W. v. DeFlaminis,* 480 F.3d 259, 267 (3d Cir. 2007) (citations omitted). "It is not enough to show that an official acted with a retaliatory motive and that the plaintiff was injured—the motive must *cause* the injury . . . it must be a "but-for" cause, meaning that the adverse action against the plaintiff would not have been taken absent the retaliatory motive." *Nieves v. Bartlett*, 587 U.S. 391, 398–99 (2019) (citing *Hartman v. Moore*, 547 U.S. 250, 260 (2006)).

Plaintiffs' conclusory allegations that Piacenza retaliated against Plaintiffs due to their publications, court filings, and other speech fail to plead a causal connection. Plaintiffs have not pled temporal proximity or a pattern of antagonism. To the contrary, Plaintiffs allege that Piacenza had invited Bandy Lee to make an appointment with him during summer break (TAC ¶ 17) and that he had previously welcomed Patricia Lee into the school to volunteer. (*Id.* ¶ 24.) Additionally, Plaintiffs pled that Piacenza believed a court order prevented Patricia Lee from coming to the school campus (*id.* ¶ 27), undermining their contention that Piacenza's retaliatory motive was the but-for cause of Patricia Lee's arrest. For these reasons, Plaintiffs' First Amendment Retaliation claim is dismissed with prejudice.

### C.  Equal Protection (Count 3)

Plaintiffs' third claim for violation of their Fourteenth Amendment rights under the Equal Protection Clause in violation of Section 1983 also fails. (TAC ¶¶ 55-62.)

The Equal Protection Clause of the Fourteenth Amendment provides that no State shall "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. To state a traditional equal protection claim, a plaintiff must (i) allege facts showing the existence of purposeful discrimination; and (ii) have received treatment different from that

received by other individuals similarly situated. *Chambers ex rel. Chambers v. Sch. Dist. Of Phila. Bd. Of Educ.*, 587 F.3d 176, 196 (3d Cir. 2009).

Plaintiffs vaguely allege that Piacenza treated them "more harshly than other individuals in comparable situations" because they are Asian-American women. (TAC ¶¶ 57-58.) Plaintiffs fail to allege any facts that rise above sheer speculation that Piacenza called the police because of their race or gender. Because "[p]roof of racially discriminatory intent or purpose is required to show a violation of the Equal Protection Clause," Plaintiffs must have, and did not, allege facts that that do more than speculate as to Defendant's discriminatory intent or purpose. *Vill. of Arlington Heights v. Metro. Hous. Dev. Corp.*, 429 U.S. 252, 265 (1977); *see also Twombly*, 550 U.S. 544 (2007).

Plaintiffs' Equal Protection Claim (Count 3) is therefore dismissed with prejudice.

## IV.    <u>CONCLUSION</u>

For the reasons stated above, Defendant Piacenza's motion to dismiss the Third Amended Complaint (ECF 56) is **GRANTED**. Plaintiffs' claims against Defendant Piacenza are dismissed with prejudice because further amendments would be futile. *See A & E Harbor Transp., Inc. v. Tri-Coastal Design Grp., Inc.*, 2021 WL 1840039, at *1 (D.N.J. May 7, 2021) ("Dismissal of a count in a complaint with prejudice is appropriate if amendment would be inequitable or futile.") "An amendment is futile if the amended complaint would not survive a motion to dismiss for failure to state a claim upon which relief could be granted." *Alvin v. Suzuki*, 227 F.3d 107, 121 (3d Cir. 2000) (citation omitted).

Accordingly, **IT IS** on this 3rd day of March 2026,

**ORDERED** that Defendant Piacenza's Motion to Dismiss the Third Amended Complaint (ECF 58) is **GRANTED**; and it is further

**ORDERED** that the Third Amended Complaint (ECF 56) is dismissed with prejudice.

**SO ORDERED**.

/s/ Jamel K. Semper
**HON. JAMEL K. SEMPER**
**United States District Judge**

Orig:  Clerk
cc:    Leda D. Wettre, U.S.M.J.
       Parties