<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| PATRICIA LEE and BRANDY LEE, | Civil Action No. 23-6495 |
| *Plaintiffs*, | |
| v. | **OPINION AND ORDER** |
| JANE GALLINA-MECCA, et al., | July 27, 2026 |
| *Defendants*. | |

**SEMPER**, District Judge.

**THIS MATTER** comes before the Court on *pro se* Plaintiffs Patricia Lee and Brandy Lee's Motion to Reconsider the Court's Opinion and Order dismissing Plaintiffs' Second Amended Complaint under Federal Rules of Civil Procedure 60(b)(2) and (6).  (ECF 59, "Motion" or "Mot.")  Defendants Judge Jane Gallina-Mecca ("Judge Gallina-Mecca") and Evelyn Nissirios ("Nissirios") opposed the Motion.  (ECF 65, "G.M. Opp."; ECF 67, "Nis. Opp.")  Plaintiffs filed replies.  (ECF 70, "Reply G.M"; ECF 71, "Reply Nis.")  The Court has decided this Motion upon the submissions of the parties, without oral argument, pursuant to Federal Rule of Civil Procedure 78 and Local Rule 78.1.  For the reasons stated below, Plaintiffs' Motion is **DENIED**.

**WHEREAS** this matter arises from a child custody proceeding involving Patricia Lee's two minor children ("State Court Action").  (ECF 30, "Second Amended Complaint" or "SAC.")  Judge Gallina-Mecca presided over the State Court Action and appointed Nissirios as *guardian ad litem* ("GAL").  (*Id.* ¶¶ 14-15.)  On November 12, 2021, Judge Gallina-Mecca transferred sole custody to the children's father, Alan T. Chan.  (*Id.* ¶ 16.)  On June 25, 2024, Plaintiffs filed their Second Amended Complaint, alleging four claims: denial of due process in violation of the

Fourteenth Amendment and 42 U.S.C. § 1983 (Count I); conspiracy to obstruct justice in violation of § 1985(2) (Count II); denial of free speech and freedom of press in violation of the First Amendment and § 1983 (Count III); and malicious prosecution in violation of New Jersey law (Count IV). (*Id.* ¶¶ 70-108.) On July 23, 2024, Defendants moved to dismiss Plaintiff's SAC. (ECF 33; ECF 34.) On February 10, 2025, this Court granted Defendants' motions, dismissing the SAC and denying Plaintiffs leave to further amend their complaint against Judge Gallina-Mecca and Nissirios. (ECF 52, "Opinion" or "Op.")[1] On January 15, 2026, Plaintiffs filed the instant Motion, arguing that the "newly released transcript" of the State Court Action warrants reconsideration. (Mot.) Plaintiffs request that the Court vacate its February 10, 2025 Opinion, permit amendment, and allow limited discovery. (*Id.* at 14); and

**WHEREAS** Plaintiff cites Federal Rules of Civil Procedure 60(b)(2) and (6) as the basis for reconsideration. "Rule 60(b) motions are viewed as 'extraordinary relief which should be granted only where extraordinary justifying circumstances are present.'" *Kiburz v. Sec'y, U.S. Dep't of the Navy*, 446 F. App'x 434, 436 (3d Cir. 2011) (quoting *Bohus v. Beloff*, 950 F.2d 919, 929 (3d Cir. 1991)). And they "do not provide avenues for re-litigating already decided issues." *Malik v. GEICO Ins.*, No. 23-16240, 2026 WL 160662, at *4 (D.N.J. Jan. 21, 2026). Rule 60(b)(2) provides that a litigant may be entitled to relief from a final judgment for "newly discovered evidence," and such motions must be filed within one year of the Court's order. Fed. R. Civ. P. 60(b)(2), (c)(1). "[T]he term 'newly discovered evidence' refers to 'evidence of facts in existence at the time of trial of which the aggrieved party was excusably ignorant.'" *Bohus*, 950 F.2d at 930. The new evidence must be "(1) material and not merely cumulative, (2) could not have been

---

[1] To the extent relevant to the instant Motion, the Court incorporates the factual and procedural history from its Opinion herein.

discovered prior to trial through the exercise of reasonable diligence, *and* (3) would probably have changed the outcome of the trial." *Id.* (emphasis in original).  Rule 60(b)(6) is a catch-all provision that provides relief "only when Rules 60(b)(1) through (b)(5) are inapplicable." *Kemp v. United States*, 596 U.S. 528, 533 (2022).  A party seeking to use Rule 60(b)(6) must show the existence of "extraordinary circumstances" and file their motion within a reasonable time.  *Budget Blinds, Inc. v. White*, 536 F.3d 244, 255 (3d Cir. 2008); Fed. R. Civ. P. 60(c)(1); and

**WHEREAS** Plaintiffs have failed to show that the transcript of the State Court Action would have changed the Court's Opinion dismissing Plaintiffs' SAC against Judge Gallina-Mecca.[2]  The Court found that Plaintiffs' allegations against Judge Gallina-Mecca arose solely from judicial actions taken as a Superior Court Judge presiding over the State Court Action and dismissed the SAC as to Judge Gallina-Mecca on sovereign and absolute judicial immunity grounds.  (Op. at 6-13.)  Plaintiffs claim the newly released transcript shows that Judge Gallina-Mecca engaged in non-judicial acts, which rebuts absolute judicial immunity.  (Mot. at 8-10; Reply G.M. at 4-8.)  Yet Judge Gallina-Mecca's alleged actions documented in the transcript, (*see id.* at 6 (adjudicating the State Court Action without due notice; making determinations regarding medical evidence, weighing evidence and entering orders against Plaintiffs, and managing the record)), are all judicial acts covered by absolute immunity.[3]  (G.M. Opp. at 11-12; Op. at 13; ECF 39-2, McNulty, J. Op. at 10-12.)  Because the "newly discovered" transcript would not have

---

[2] Because the transcript evidence would not have altered the outcome of the Court's February 10, 2025 Opinion, the Court refrains from considering whether the evidence was material and not cumulative or could have been discovered prior to the motion to dismiss briefing through the exercise of reasonable diligence.  *See Bohus*, 950 F.2d at 931 n.14.

[3] Plaintiffs do not quote or cite the "newly released" transcript in their papers, nor do they attach the transcript as an exhibit for the Court's review.  (*See generally* Mot.; Reply G.M.; Reply Nis.)  Therefore, the Court refers only to Plaintiffs' descriptions of the transcript in their moving brief and replies.

changed this Court's Opinion, Plaintiffs are not entitled to Rule 60(b) reconsideration of the Court's dismissal of Plaintiffs' SAC as to Judge Gallina-Mecca. *See Bohus*, 950 F.2d at 930; and

**WHEREAS** Plaintiffs have failed to show that the transcript of the State Court Action would have changed the Court's Opinion dismissing Plaintiffs' SAC against Nissirios. The Court found that Plaintiffs failed to show any actions taken by Nissirios that were outside the scope of her role as court-appointed GAL in the State Court Action and dismissed the SAC as to Nissirios on quasi-judicial immunity grounds. (Op. at 14-15.) Again, Plaintiffs claim the newly released transcript shows that Nissirios exceeded her GAL authority and quasi-judicial immunity cannot attach because the State Court Action proceeded without jurisdiction. (Mot. at 10-11; Reply Nis. at 5-6.) Nissirios argues Plaintiffs fail to identify "any specific passage of the transcript that negates quasi-judicial immunity, establishes that Nissirios acted under color of state law, or supplies non-conclusionary factual allegations sufficient under *Twombly and Iqbal*." (Nis. Opp. at 9.) The Court agrees with Nissirios. As discussed above, Plaintiffs have not shown the State Court Action proceeded without jurisdiction. *See supra* at 3. Because the "newly discovered" transcript would not have changed this Court's Opinion, Plaintiffs are not entitled to Rule 60(b) reconsideration of the Court's dismissal of Plaintiffs' SAC as to Nissirios. *See Bohus*, 950 F.2d at 930; and

**WHEREAS** Plaintiffs seek an extraordinary remedy where extraordinary circumstances are not present. As a result, Plaintiffs have not met their burden under Rule 60(b). *See United States v. Compaction Sys. Corp.*, 88 F. Supp. 2d 339, 345 (D.N.J. 1999) (noting that "[m]ere disagreement with a court's decision" is an "inappropriate" basis to grant reconsideration).

For the reasons stated above,

**IT IS** on this **27th day of July 2026**,

4

**ORDERED** that Plaintiffs' Motion to Reconsider this Court's February 10, 2025 Opinion and Order Under Rules 60(b)(2) and (6) is **DENIED**.

**SO ORDERED.**

*/s/ Jamel K. Semper*
HON. JAMEL K. SEMPER
**United States District Judge**

Orig:    Clerk
cc:      Leda D. Wettre, U.S.M.J.
         Parties

5