**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| PATRICIA LEE,<br><br>*Plaintiff*,<br><br>v.<br><br>HON. CAROL V. NOVEY CATUOGNO, HON. JANE GALLINA-MECCA, EVELYN NISSIRIOS, ARTHUR ANDREANO, ADA, ALAN T. CHAN, and STATE OF NEW JERSEY,<br><br>*Defendants*. | Civil Action No. 25-13291 |
| PATRICIA LEE and BANDY LEE,<br><br>*Plaintiffs*,<br><br>v.<br><br>HON. JANE GALLINA-MECCA, EVELYN NISSIRIOS, and MICHAEL PIACENZA,<br><br>*Defendants*. | Civil Action No. 23-6495<br><br>**OPINION**<br><br>November 3, 2026 |

**SEMPER**, District Judge.

**THESE MATTERS** come before the Court on various motions filed by Plaintiffs Patricia Lee and Bandy Lee in Civil Action Nos. 25-13291 and 23-6495. Plaintiff Patricia Lee filed a Motion for Reconsideration of this Court's dismissal of her Amended Complaint, (ECF 15, "Am. Compl."; ECF 51, "Mot. Rec."); Motion for Recusal and Disqualification of the undersigned, (ECF 64, "Mot. R.D."); and Motion Objecting to Consolidation, (ECF 65, "Mot. Obj. Con.") in Civil

Action No. 25-13291. Defendants the Honorable Carol V. Novey Catuogno, the Honorable Jane Gallina-Mecca ("Judge Gallina-Mecca"), Arthur Andreano, and the State of New Jersey (collectively, "Judiciary Defendants"), and Evelyn Nissirios ("Nissirios") (collectively, "Defendants") opposed Plaintiff Patricia Lee's Motion for Reconsideration and Motion Objecting to Consolidation. (ECF 61, "Jud. Rec. Opp."; ECF 62, "Nis. Rec. Opp."; ECF 70, "Nis. Con. Opp."; ECF 71, "Jud. Con. Opp.") Plaintiff Patricia Lee filed replies to Defendants' Oppositions. (ECF 63, "Rec. Reply"; ECF 75, "Con. Reply.")

Plaintiffs Patricia Lee and Bandy Lee filed a Motion for Reconsideration of this Court's dismissal of Plaintiffs' Third Amended Complaint, (ECF 56, "TAC"; ECF 69, "Mot. TAC Rec."); Motion to Reopen Time to File an Appeal of this Court's denial of reconsideration of its dismissal of Plaintiffs' Second Amended Complaint, (ECF 30, "SAC"; ECF 77, "Mot. App."); Motion for Recusal and Disqualification of the undersigned, (ECF 79); and Motion Objecting to Consolidation, (ECF 82), in Civil Action No. 23-6495.[1] Defendant Michael Piacenza ("Piacenza")

[1] The Court notes that the pending motions in Civil Action No. 23-6495 include both Patricia Lee and Bandy Lee as plaintiffs in the case caption. (ECF Nos. 77, 79, 82.) On March 3, 2026, this Court dismissed Plaintiffs' operative Third Amended Complaint with prejudice. (ECF 68, "TAC Op.") Pursuant to Federal Rule of Civil Procedure 15(a)(2), a party may amend their pleading with leave from the Court. On March 9, 2026, without leave from this Court, Plaintiff Patricia Lee filed an amended complaint that did not include Bandy Lee as a plaintiff, which resulted in Bandy Lee's termination from this matter. (ECF 72.) In the Motion for Recusal and Disqualification of the undersigned, Plaintiff contends that the amended complaint was inadvertently docketed in Civil Action No. 23-6495. (*See* ECF 79 at 14-15.) As supporting evidence, she submitted a screenshot of her filing summary, which indicates a March 9, 2026 submission in "Case Number: 2:23-cv-02676" with "Case Caption: *Lee v. Gallina-Mecca*." (ECF 79 at Exhibit G.) Presumably, Plaintiff intended to file the document in another of her cases against Defendant Judge Gallina-Mecca that is before the Honorable Judge Michael E. Farbiarz, Civil Action No. 25-2676, (*see* ECF 79 at 14-15, Exhibit D), as Civil Action No. 23-2676 is a closed case that bears the case caption *Walsh v. Coolsys Energy Design, LLC, et al*. Plaintiff further alleges that this is one of several docketing irregularities across her matters filed in this District. (*See id.* at 8-9.) The Court acknowledges this particular docketing error and presumes it resulted from confusion regarding an incorrect case number on the submission coupled with multiple cases bearing the same case caption in this District. Nevertheless, to eliminate further confusion, the Court strikes the amended complaint

opposed Plaintiffs' Motion for Reconsideration, (ECF 74, "TAC Rec. Opp.") and Plaintiffs replied, (ECF 75, "TAC Rec. Reply"). Defendant Judge Gallina-Mecca opposed Plaintiffs' Motion to Reopen Time to File an Appeal, (ECF 84, "App. Opp."), Defendant Nissirios joined, (ECF 86), and Plaintiffs filed a reply, (ECF 90, "App. Reply").

In total, there are seven pending Motions before the Court in related Civil Action Nos. 25-13291 and 23-6495. The Court has decided the Motions upon the submissions of the parties, without oral argument, pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons stated below, Plaintiffs' Motion to Reopen Time to File an Appeal is **GRANTED**; the remaining Motions are **DENIED**; and Plaintiffs are hereby **PRECLUDED** from filing in this District as *pro se* litigants, except for pending litigation.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY[2]

Both matters arise from continued litigation stemming from violations that allegedly occurred during and after *pro se* Plaintiff Patricia Lee's state court divorce and child custody proceedings, captioned as *Chan v. Lee*, Docket No. FM-02-754-21 (the "State Court Action"). (*See* Civil Action No. 25-13291, ECF 49, "MTD Op." at 1-7; Mot. Rec.; Mot. R.D.)

---

filed at ECF No. 72, and directs the Clerk of the Court to reinstate Bandy Lee's status as a plaintiff in Civil Action No. 23-6495.

[2] The Court outlined the facts of Civil Action No. 25-13291 in its April 30, 2026 Opinion granting Defendants' Motion to Dismiss with prejudice. (ECF 49 at 1-7.) The facts of Civil Action No. 23-6495 arise out of the same underlying state family court proceedings. (*Id.* at 6.) The Court outlined additional facts in Civil Action No. 23-6495 that followed the state family court proceedings in its February 10, 2025 Opinion granting Defendants Judge Gallina-Mecca's and Nissirios's Motions to Dismiss without leave to amend (ECF 52), June 6, 2025 Opinion granting Defendant Piacenza's Motion to Dismiss without prejudice (ECF 54), and March 3, 2026 Opinion granting Defendant Piacenza's Motion to Dismiss with prejudice (TAC Op.). To the extent relevant to the instant Motions, the Court incorporates the factual and procedural histories from the identified Opinions herein.

*Pro se* Plaintiffs Patricia Lee and Bandy Lee have filed multiple actions in this District. Plaintiff Patricia Lee is a frequent litigant, having filed at least five civil actions related to the State Court Action. (*See* MTD Op. at 5-6.) Four of the five cases, including the two actions before the undersigned, have been dismissed. *See Lee v. Gallina-Mecca*, No. 21-20197, 2022 WL 4354724 (D.N.J. Sept. 19, 2022), *aff'd*, No. 22-2871, 2023 WL 5814783 (3d Cir. Sept. 8, 2023); *Lee ex rel. M.C. v. Chan*, No. 22-7266, 2022 WL 17820258 (D.N.J. Dec. 20, 2022), *aff'd*, No. 23-1133, 2023 WL 4758453 (3d Cir. Jul. 26, 2023); *Lee et al. v. Gallina-Mecca et al.*, No. 23-6495, 2025 WL 444436 (D.N.J. Feb. 10, 2025), *appeal filed*; *Lee v. Novey Catuogno et al.*, No. 25-13291, 2026 WL 1180096, (D.N.J. Apr. 30, 2026). In her fifth case, a motion to dismiss is pending. *See Lee v. Gallina-Mecca*, No. 25-2676, ECF No. 42. Plaintiff Bandy Lee, Patricia Lee's sister, has filed two actions in this District arising out of events related to the State Court Action. The two cases, which are both before the undersigned, have been dismissed. *See Lee et al. v. Gallina-Mecca et al.*, No. 23-6495, 2025 WL 444436 (D.N.J. Feb. 10, 2025), *appeal filed*; *Lee v. Nissirios et al.*, No. 25-1295, 2026 WL 2654274 (D.N.J. Sept. 9, 2026), *appeal filed*.

In Civil Action No. 25-13291, this Court granted Defendants' respective motions to dismiss Plaintiff Patricia Lee's claims on April 30, 2026. (MTD Op.) Plaintiff filed a Motion for Reconsideration on May 20, 2026. (Mot. Rec.) Defendants opposed Plaintiff's Motion for Reconsideration on July 6, 2026. (Jud. Rec. Opp.; Nis. Rec. Opp.) Plaintiff filed a reply on July 13, 2026. (Rec. Reply.) Plaintiff subsequently filed a Motion for Recusal and Disqualification of the undersigned on September 13, 2026, which Defendants did not oppose. (Mot. R.D.)

In Civil Action No. 23-6495, this Court granted Defendant Piacenza's motion to dismiss Plaintiffs' Third Amended Complaint on March 3, 2026. (TAC Op.) The next day, Plaintiffs moved for reconsideration. (Mot. TAC Rec.) Defendant Piacenza filed his Opposition on March

19, 2026. (TAC Rec. Opp.) Plaintiffs filed a reply on March 22, 2026. (TAC Rec. Reply.) This Court also denied Plaintiffs' motion for reconsideration of the Court's February 10, 2025 Opinion dismissing Plaintiffs' claims against Defendants Judge Gallina-Mecca and Nissirios (ECF 52) on July 27, 2026. (ECF 76.) Plaintiffs moved to reopen time to file an appeal on September 8, 2026. (Mot. App.) Defendant Judge Gallina-Mecca filed an Opposition to Plaintiffs' Motion to Reopen Time to File an Appeal on September 21, 2026. (App. Opp.) The next day, Defendant Nissirios joined Defendant Judge Gallina-Mecca's brief in full. (ECF 86). Plaintiffs filed a reply on September 28, 2026. (App. Reply.) Plaintiffs also filed a Motion for Recusal and Disqualification of the undersigned on September 11, 2026, which Defendants did not oppose. (ECF 79.)

On September 16, 2026, after noting the relation between the matters and the fact that the same motion was filed in both matters a mere two days apart,[3] this Court issued a Text Order *sua sponte* consolidating Civil Action Nos. 25-13291 and 23-6495. (ECF 81.) The next day, Plaintiffs filed a Motion Objecting to Consolidation in Civil Action No. 23-6495, (ECF 82), and Plaintiff Patricia Lee filed the same motion in Civil Action No. 25-13291. (Mot. Obj. Con.) On September 22, 2026, this Court stayed consolidation of these matters pending resolution of the objection motions. (ECF 87.) On September 29, 2026, Defendants filed opposition briefs to the motions. (Nis. Con. Opp.; Jud. Con. Opp.) On October 5, 2026, Plaintiff filed a reply. (Con. Reply.)

The Court first resolves the Motions for Recusal and Disqualification of the undersigned, and then turns to the Motions for Reconsideration, Motion to Reopen Time to File an Appeal, and the Motions Objecting to Consolidation. Lastly, the Court addresses preclusion, barring Plaintiffs from filing in this District as *pro se* litigants without permission, except for pending litigation.

---

[3] Indeed, Plaintiffs themselves refer to the two matters as "materially related" throughout their Motions for Recusal and Disqualification of the undersigned. (*See* Mot. R.D.; ECF 79.)

## II. LEGAL STANDARDS

### A. Recusal and Disqualification: 28 U.S.C. § 455

Recusal decisions are "within the sound discretion of the trial judge." *United States v. Wilensky*, 757 F.2d 594, 599-600 (3d Cir. 1985). The two federal statutes addressing judicial recusal are 28 U.S.C. §§ 144 and 455. *Clauso v. Bonds*, No. 18-12217, 2022 WL 92803, at *1 (D.N.J. Jan. 10, 2022). Here, Plaintiff Patricia Lee in Civil Action No. 25-13291 and Plaintiffs Patricia Lee and Bandy Lee in Civil Action No. 23-6495 both moved to recuse the undersigned only under § 455. (*See* Mot. R.D.; ECF 79.)

Under § 455(a), recusal is required where a judge's "impartiality might reasonably be questioned." 28 U.S.C. § 455(a); *Allen v. Parkland Sch. Dist.*, 230 F. App'x 189, 193 (3d Cir. 2007) ("'The test for recusal under § 455(a) is whether a reasonable person, with knowledge of all the facts, would conclude that the judge's impartiality might reasonably be questioned.'" (quoting *In re Kensington*, 353 F.3d 211, 220 (3d Cir. 2003))). A party moving pursuant to § 455(a) "need not show actual bias." *Karteron v. Garland*, No. 22-539, 2023 WL 2238066, at *2 (D.N.J. Feb. 24, 2023) (citing *In re Kensington Int'l Ltd.*, 368 F.3d 289, 302 (3d Cir. 2004)). Rather, the movant need only demonstrate an "objective appearance of bias, rather than bias-in-fact." *United States v. Nobel*, 696 F.2d 231, 235 (3d Cir. 1982).

Pursuant to § 455(b)(1), a judge must recuse himself "[w]here he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(b)(1). "Under § 455(b)(1), a movant must show 'a favorable or unfavorable disposition or opinion that is somehow *wrongful* or *inappropriate*, either because it is undeserved, or because it rests upon knowledge that the subject ought not to possess . . . or because it is excessive in degree.'" *Karteron*, 2023 WL 2238066, at *2 (quoting *Liteky v. United States*,

510 U.S. 540, 550 (1994) (emphasis in original)). Additionally, unlike § 455(a), § 455(b)(1) requires a showing of "actual bias or prejudice held." *Id.* (citing *United States v. Sciarra*, 851 F.2d 621, 635 (3d Cir. 1988) ("Although subsection (a) requires only the objective appearance of bias, subsection (b)(1) requires bias-in-fact.")).

The United States Supreme Court has explained that "judicial rulings alone almost never constitute a valid basis for a bias or partiality [recusal] motion," and are instead "proper grounds for appeal, not for recusal." *Liteky* 510 U.S. at 555; *see also Securacomm Consulting, Inc. v. Securacom Inc.*, 224 F.3d 273, 278 (3d Cir. 2000) ("We have repeatedly stated that a party's displeasure with legal rulings does not form an adequate basis for recusal . . . ."). A "[d]efendant's arguments which rely on this Court's findings, holdings and/or reasoning contained in any of its decisions in the instant action cannot serve as a valid basis for § 455 recusal on their own." *United States v. Cox*, No. 11-99, 2014 WL 12900822, at *1 (D.N.J. Oct. 2, 2014).

**B. Reconsideration**

A motion for reconsideration is regarded as "the functional equivalent of a Rule 59 motion ... to alter or amend judgment." *Venen v. Sweet*, 758 F.2d 117, 122 (3d Cir. 1985). Local Civil Rule 7.1(i) provides for the review of most motions for reconsideration in the District of New Jersey. *In re Tulshi*, No. 24-9649, 2026 WL 1073053, at *2 (D.N.J. Apr. 17, 2026). Rules 59(e) and 60(b) "apply only to *final* judgments, orders, and proceedings." *Malik v. GEICO Ins.*, No. 23-16240, 2026 WL 160662, at *5 (D.N.J. Jan. 21, 2026).

Under both Local Civil Rule 7.1(i) and Rule 59(e), a motion for reconsideration may only be granted if the moving party shows a different outcome is justified by "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [reached its original decision]; or (3) the need to correct a clear error of law or fact or to prevent

manifest injustice." *Blystone v. Horn*, 664 F.3d 397, 415 (3d Cir. 2011) (quotation marks and emphasis omitted); *In re Tulshi*, 2026 WL 1073053, at *2. "A decision suffers from 'clear error' only if the record cannot support the findings that led to that ruling." *ABS Brokerage Servs. LLC v. Pension Financial Servs., Inc.*, No. 09-4590, 2010 WL 3257992, at *6 (D.N.J. Aug. 16, 2010) (citing *United States v. Grape*, 549 F.3d 591, 603-04 (3d Cir. 2008)).

Furthermore, "Rule 60(b) motions are viewed as 'extraordinary relief which should be granted only where extraordinary justifying circumstances are present.'" *Kiburz v. Sec'y, U.S. Dep't of the Navy*, 446 F. App'x 434, 436 (3d Cir. 2011) (quoting *Bohus v. Beloff*, 950 F.2d 919, 929 (3d Cir. 1991)). Therefore, motions for reconsideration are "extremely limited procedural vehicle(s)" that are to be granted "very sparingly." *Clark v. Prudential Ins. Co. of Am.*, 940 F. Supp. 2d 186, 189 (D.N.J. 2013) (quotation marks omitted). Thus, a motion for reconsideration is inappropriate when a party merely disagrees with a court's ruling or when a party simply wishes to re-argue or re-hash its original motion. *Sch. Specialty, Inc. v. Ferrentino*, No. 14-4507, 2015 WL 4602995, at *2-3 (D.N.J. July 30, 2015); *Florham Park Chevron, Inc. v. Chevron U.S.A.*, 680 F. Supp. 159, 162 (D.N.J. 1988); *see also ABS Brokerage Servs. LLC*, 2010 WL 3257992, at *6 ("Mere 'disagreement with the Court's decision' does not suffice." (quoting *P. Schoenfeld Asset Mgmt. LLC v. Cendant Corp.*, 161 F. Supp. 2d 349, 352 (D.N.J. 2001))); *CPS MedManagement LLC v. Bergen Reg'l Med. Ctr., L.P.*, 940 F. Supp. 2d 141, 168 (D.N.J. 2013) (explaining that such a motion is "not a vehicle for a litigant to raise new arguments").

**C. Reopen Time to File an Appeal**

Under Federal Rule of Appellate Procedure 4(a)(1)(A), a party is required to file a notice of appeal "within 30 days after entry of the judgment or order." If a party fails to file a notice within the time period, district courts may reopen time to file an appeal if the following conditions

are met:

> (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry; (B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and (C) the court finds that no party would be prejudiced.

*Alston v. Nat'l Conf. of Bar Examiners*, 789 F. App'x 343, 345 (3d Cir. 2019) (quoting Fed. R. App. P. 4(a)(6)). Under Rule 77(d), "after entering an order or judgment, the clerk must serve notice of the entry, as provided in Rule 5(b), on each party . . . [and] record the service on the docket." Fed. R. Civ. P. 77(d)(1). Under Rule 5(b), the clerk may serve an order by "sending it to a registered user by filing it with the court's electronic-filing system or sending it by other electronic means that the person consented to in writing." Fed. R. Civ. P. 5(b)(2)(E). Accordingly, "service is complete upon filing or sending, but is not effective if the filer or sender learns that it did not reach the person to be served." *Id.*

**D. Consolidation**

"[U]nder Federal Rule of Civil Procedure 42(a), district courts have 'broad power' to consolidate cases that share 'common question[s] of law or fact.'" *A.S. ex rel. Miller v. SmithKline Beecham Corp.*, 769 F.3d 204, 212 (3d Cir. 2014) (quoting *Ellerman Lines, Ltd. v. Atl. & Gulf Stevedores, Inc.*, 339 F.2d 673, 675 (3d Cir. 1964)). "When exercising this discretion, a court should weigh the benefits of judicial economy against the potential for new delays, expense, confusion, or prejudice." *Doug Brady, Inc. v. New Jersey Bldg. Laborers Statewide Funds*, 250 F.R.D. 171, 176 (D.N.J. 2008).

"This Court has the power to *sua sponte* consolidate cases under Federal Rule of Civil Procedure 42(a)." *Elmilligy v. Union Cnty. Prosecutor's Off.*, No. 25-19130, 2026 WL 63712, at *1 (D.N.J. Jan. 8, 2026); *Pella v. Atlantic Cnty. Dep't of Family and Cmty. Dev.*, Nos. 25-13268

& 25-16933, 2026 WL 522655, at *3 (D.N.J. Feb. 25, 2026) ("The Third Circuit has explained that Rule 42 grants district courts substantial authority—either upon motion of a party or *sua sponte*—to consolidate cases for trial where doing so would promote judicial efficiency and the orderly administration of justice."); *Loatman v. Experian Info. Sol., Inc.*, No. 23-1756, 2023 WL 2917232, at *2 (D.N.J. Apr. 11, 2023) ("Federal Rule of Civil Procedure 42(a) allows a District Court to consolidate actions before it if the actions involve a common question of law or fact.").

## III. ANALYSIS

### A. The Court Denies the Motions for Recusal and Disqualification of the Undersigned

Plaintiff Patricia Lee argues that, throughout the course of litigation in Civil Action No. 25-13291, the undersigned improperly "relied on disputed factual assumptions, resolved factual questions against Plaintiff at the pleading stage, and then applied faulty legal doctrines to those assumed facts in order to force dismissal." (Mot. R.D. at 7.) In essence, Plaintiff argues that the undersigned has treated disputed matters as established facts, and then improperly applied law to those disputed facts. (*See id.* at 7, 8, 10, 15-17.) Plaintiff also argues that the undersigned's treatment of disputed facts "gives the appearance" of resolving questions in favor of a "judicial-colleague Defendant," Defendant Judge Gallina-Mecca. (*Id.* at 9, 10, 14.) Finally, Plaintiff alleges that there were filing irregularities on this case's docket that "potentially forfeit[ed] Plaintiff's chance to have her case proceed." (*Id.* at 18.) Plaintiff argues that this Court's "cumulative record" of engaging in the alleged, aforementioned described behavior in other cases filed in this District "creates an objectively reasonable question whether [the undersigned's] neutrality can now be maintained." (*Id.* at 23.)

Plaintiff Patricia Lee's Motion fails under both §§ 455(a) and 455(b)(1). First, Plaintiff's Motion fails because she provides no factual basis demonstrating that the undersigned has an

"objective appearance of" or "actual" bias. *See United States v. Nobel*, 696 F.2d 231, 235 (3d Cir. 1982); *Okogun v. Trs. of Princeton Univ.*, No. 21-18957, 2023 WL 4408274, at *4 (D.N.J. July 7, 2023) (denying plaintiff's motion for recusal under § 455(a) where plaintiff failed to "provide objective facts creating an appearance of impropriety to a reasonable person"), *aff'd*, No. 23-2402, 2024 WL 1427585 (3d Cir. Apr. 3, 2024); *Karteron*, 2023 WL 2238066, at *2 ("§ 455(b)(1) requires not just the appearance of partiality, but a showing of actual bias or prejudice held"). Plaintiff merely states that the undersigned resolved factual disputes in favor of "judicial-colleague" defendants, such as Defendant Judge Gallina-Mecca. (Mot. R.D. at 7, 9, 11, 14, 18.) However, Plaintiff provides no additional detail or explanation as to how, if at all, the undersigned demonstrated such bias or impropriety, and "'[s]uch conclusory allegations are not a proper basis for recusal' under . . . Section 455." *See Nicholson v. Atlantic Grp., Inc.*, No. 21-14666, 2023 WL 4287687, at *4 (D.N.J. Jun. 30, 2023) (citing *United States v. Balice*, No. 14-3937, 2018 WL 2357750, at *5 (D.N.J. May 23, 2018)); *see also Ferrer v. Leahy*, No. 20-3901, 2022 WL 17340723, at *1, 4-6 (D.N.J. Nov. 30, 2022) (denying plaintiff's motions for recusal of presiding district judge under § 455 where plaintiff's motions included "unfounded and conclusory allegations"). Further, Plaintiff's allegations about docket irregularities "potentially" impacting her ability to have her case proceed are speculative and do not demonstrate the undersigned's bias.[4] (Mot. R.D. at 18); *see Ferrer*, 2022 WL 17340723, at *5 (concluding that claims about docket filings amounted to "mere speculation" and did not "support recusal," because they did not demonstrate that the undersigned was biased or lacked impartiality).

[4] In fact, despite a mistaken docketing in Civil Action No. 23-6495 that this Court has recognized, Plaintiff Patricia Lee acknowledges that the Court accepted her delayed amended complaint in Civil Action No. 25-2676 and permitted her to proceed. (ECF 79 at 14-15.)

Finally, with respect to § 455(b)(1), Plaintiff has also not only failed to allege, but has provided no facts to show, that the undersigned "has 'personal knowledge of disputed evidentiary facts concerning the proceeding.'" *J.C. v. Locha*, No. 21-12362, 2022 WL 702857, at *4 (D.N.J. Mar. 9, 2022). And finally, as discussed, "[j]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion" and are instead "proper grounds for appeal, not for recusal." *Id.* (quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994)). As such, Plaintiff cannot base her argument that the undersigned is biased on her disagreement with this Court's treatment of the facts and ultimate ruling in this case or any other case. *See Nicholson*, 2023 WL 4287687, at *4 ("Thus, 'where, as here, a litigant is simply dissatisfied with the District Court's legal rulings,' neither Section 144 nor Section 455 provide a basis for recusal." (citing *Hairston v. Miller*, 646 F. App'x 184, 188 (3d Cir. 2016))).

Plaintiff Patricia Lee's Motion for Recusal or Disqualification of the undersigned in Civil Action No. 25-13291 is **DENIED**. Plaintiffs Patricia Lee and Bandy Lee assert similar arguments in their Motion for Recusal or Disqualification of the undersigned in Civil Action No. 23-6495. (*Compare* Mot. R.D., *with* ECF 79.) For the same reasons discussed above, Plaintiffs' Motion in this matter is likewise **DENIED**. Since this Court concludes the undersigned need not be recused or disqualified from these matters, it proceeds in evaluating the remaining Motions.

### B. The Court Denies Plaintiff Patricia Lee's Motion for Reconsideration of its April 30, 2026 Opinion and Order in Civil Action No. 25-13291

Plaintiff Patricia Lee seeks reconsideration of this Court's April 30, 2026 Opinion and Order dismissing her Amended Complaint with prejudice in Civil Action No. 25-13291, pursuant to Local Civil Rule 7.1(i) and Federal Rules of Civil Procedure ("Rules") 59(e) and 60(b)(2). (*See* Mot. Rec.; MTD Op.; ECF 50.) In essence, Plaintiff argues that the Court committed clear error by failing to consider whether she was denied access to the courts in her state proceedings before

performing analyses under principles of *res judicata* and *Rooker-Feldman*, (*see* Mot. Rec. at 3-4), dismissing her Rehabilitation Act claim after resolving the disputed "factual question of whether the New Jersey Judiciary receives federal financial assistance," (*id.* at 4-7), and failing to consider her access to court claims under the First and Fourteenth Amendments, (*id.* at 7-8). Plaintiff also argues reconsideration is warranted in light of a newly discovered November 2021 transcript of her state court proceedings ("State Court Transcript"), (*id.* at 8-9), and to prevent manifest injustice, since the Court allegedly "consistently resolve[d] disputed factual inferences against [her] at the pleading stage." (*Id.* at 10-14.)

**1. Plaintiff's Motion Is Untimely Under Local Civil Rule 7.1(i)**

Local Civil Rule 7.1(i) states that "a motion for reconsideration shall be served and filed within 14 days after the entry of the order or judgment on the original motion by the Judge . . . ." "This Court may deny a motion for reconsideration for the sole reason that its filing was untimely." *Gillespie v. Newark Bd. of Educ.*, No. 21-18990, 2024 WL 4867025, at *2 (D.N.J. Nov. 22, 2024) (citing *Wiggins v. United Food & Com. Workers Union, Local #56*, No. 04-3797, 2005 WL 8175885, at *1 (D.N.J. Sept. 16, 2005)). Courts in this District routinely deny motions for reconsideration, including those filed by *pro se* litigants, for untimeliness. *See, e.g.*, *Cordero v. Emrich*, No. 20-5654, 2022 WL 17418572, at *1 (D.N.J. Dec. 5, 2022) (denying a *pro se* plaintiff's motion for reconsideration because it was filed 8 months late); *Gillespie*, 2024 WL 4867025, at *2 (denying a *pro se* plaintiff's motion for reconsideration because it was filed 15 days late); *Wilson v. Haas*, No. 11-7001, 2018 WL 1942512, at *2 (D.N.J. Apr. 25, 2018) (denying a *pro se* plaintiff's motion for reconsideration because it was filed 3 months late).

Plaintiff Patricia Lee's Motion for Reconsideration is untimely. This Court entered an Order granting Defendants' motion to dismiss on April 30, 2026. (ECF 50.) Plaintiff filed the

present Motion on May 20, 2026. (Mot. Rec.) Thus, as Defendant Nissirios points out, Plaintiff filed her Motion for Reconsideration 20 days after this Court issued its Opinion and Order granting Defendants' motion to dismiss. (Nis. Rec. Opp. at 2.) "Plaintiff set forth no facts regarding h[er] delay in filing this Motion, and while Plaintiff proceeds *pro se*, [s]he 'is not exempt from procedural rules or the consequences of failing to comply with them.'" *Shaikh v. Akrush*, No. 19-20597, 2025 WL 43354, at *2 (D.N.J. Jan. 7, 2025) (quoting *Jones v. Sec'y Pa. Dep't of Corr.*, 589 F. App'x 591, 593 (3d Cir. 2014)). As such, this Court **DENIES** Plaintiff's Motion for Reconsideration in Civil Action No. 25-13291 to the extent it is brought pursuant to Local Civil Rule 7.1(i).

**2. Plaintiff Fails to Demonstrate Any Basis for Reconsideration Under Rules 59(e) and 60(b)(2)**

Regardless of the timeliness of Plaintiff's Motion under Local Civil Rule 7.1(i), it is without merit under Rules 59(e) and 60(b).

While Local Rule 7.1(i) governs most motions for reconsideration in this District, motions challenging the entry of judgment are brought pursuant to Rule 59(e).[5] *See Lindsay v. United States*, 2018 WL 9617435, at *3 (D.N.J. Oct. 16, 2018). A motion brought pursuant to Rule 59(e) "must be filed no later than 28 days after the entry of the judgment." *See* Fed. R. Civ. P. 59(e). Plaintiff filed her Motion for Reconsideration within this deadline. But as under Local Civil Rule

---

[5] Courts in this district frequently evaluate motions to reconsider dismissals with prejudice under Rule 59(e) rather than Local Civil Rule 7.1(i). *See, e.g.*, *New Concepts for Living, Inc. v. Commc'ns Workers Local 1040*, No. 19-719, 2021 WL 2201835, at *2 n.2 (D.N.J. May 28, 2021) ("Plaintiffs move under both Fed. R. Civ. P. 59(e) and L. Civ. R. 7.1(i). Given the finality of the Court's order of dismissal [with prejudice], Rule 59(e) applies, rather than the local rule, which addresses motions to reconsider interlocutory orders."); *McKinney v. Fitzgerald*, No. 18-12987, 2024 WL 1344022, at *2 (D.N.J. Mar. 5, 2024) ("Because Plaintiff is challenging the dismissal of his amended complaint with prejudice in this matter, Plaintiff's motion is properly considered under the auspices of Rule 59(e)"). Given that this Court dismissed Plaintiff's Amended Complaint with prejudice, it will do the same. (MTD Op.)

7.1(i), under Rule 59(e), "a judgment may be altered or amended [only] if the party seeking reconsideration" demonstrates an intervening change in the controlling law, the availability of new evidence that was not available, or the need to correct a clear error or law of fact, or to prevent manifest injustice. *See Blystone*, 664 F.3d at 415.

Plaintiff also moves for reconsideration due to newly discovered evidence under Rule 60(b)(2). (*See* Mot. Rec. at 8, 10.) Rule 60(b)(2) requires the moving party to demonstrate that it has discovered new evidence that "with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." *See Howmedica Osteonics Corp. v. Zimmer, Inc.*, No. 05-897, 2009 WL 2923077, at *2 (D.N.J. Sept. 9, 2009) (quoting Fed. R. Civ. P. 60(b)(2)). Parties moving for reconsideration under 60(b)(2) bear "a heavy burden," and must show that "the newly discovered evidence is '(1) material and not merely cumulative, (2) could not have been discovered prior to trial through the exercise of reasonable diligence, *and* (3) would probably have changed the outcome of the trial." *Id.* (quoting *Bohus*, 950 F.2d at 930 (emphasis in original)).[6]

For the reasons explained below, Plaintiff fails to meet the standards set out under Rules 59(e) and 60(b)(2), and the Court **DENIES** Plaintiff's Motion for Reconsideration in Civil Action No. 25-13291.

---

[6] Courts in this District apply the Rule 60(b)(2) standard to motions for reconsideration brought under Rule 59(e) on the basis of newly discovered evidence, so this Court will do the same. *See, e.g.*, *Cornelius v. D'Ilio*, No. 14-1594, 2023 WL 4074029, at *2 (D.N.J. Jun. 16, 2023) ("Claims raising newly discovered evidence not available during the time frame for the filing of a motion for reconsideration under Rule 59 are governed by Rule 60(b)(2)."); *Tucker v. Univ. of Sci., Arts & Tech., Coll. of Med.*, No. 23-23329, 2025 WL 3763943, at *1 n.3 (D.N.J. Dec. 30, 2025) ("Under Rule 59 and Rule 60(b)(2) the standard for granting relief on the basis of newly discovered evidence is the same."); *Malik*, 2026 WL 160662, at *6 n.10 ("The standard for granting relief based on newly discovered evidence is the same whether sought under Rule 59 or 60(b)(2).").

### i. Intervening Change in the Law

Plaintiff cites no intervening change in controlling law in her Motion. (*See* Mot. Rec.) As such, this factor cannot serve as a basis for reconsideration.

### ii. Newly Available Evidence

Plaintiff does not cite to the availability of new evidence that is "(1) material and not merely cumulative, (2) could not have been discovered prior to trial through the exercise of reasonable diligence, *and* (3) would probably have changed the outcome of the trial." *See Howmedica Osteonics Corp.*, 2009 WL 2923077, at *2. Specifically, Plaintiff fails to show that the State Court Transcript would have changed the outcome of this Court's prior decision to dismiss her claims against the Judiciary Defendants with prejudice.[7]

Plaintiff alleges the State Court Transcript proves the Judiciary Defendants denied her due process in a hearing in her underlying state family court proceedings, which "would have precluded dismissal on jurisdictional grounds by demonstrating the absence of a valid adjudicative process." (*See* Mot. Rec. at 2, 8-10.) In both this case and others brought by Plaintiff, this Court has previously concluded the Judiciary Defendants were entitled to judicial immunity and dismissed Plaintiff's claims. (*See* MTD Op. at 6, 16-17.) While not immediately clear, Plaintiff's argument appears to be that the State Court Transcript suggests the Judiciary Defendants should not be entitled to judicial immunity. (*See* Mot. Rec. at 13.)

This Circuit has held that "[a] judicial officer in the performance of his duties has absolute

---

[7] Since the Court concludes the State Court Transcript would not have changed the outcome of its previous Opinion, it does not consider whether the evidence was material or could have been previously discovered. *See Bohus*, 950 F.2d at 930-31 n.14 ("Because we find that the newly discovered evidence would not have altered the outcome of the trial, we do not consider whether the evidence was material and not cumulative or could have been discovered prior to trial through the exercise of reasonable diligence.").

immunity from suit and will not be liable for his judicial acts." *Capogrosso v. Sup. Ct. of N.J.*, 588 F.3d 180, 184 (3d Cir. 2009) (quoting *Azubuko v. Royal*, 443 F.3d 302, 303 (3d Cir. 2006)). It has also clarified that "[a] judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority[.]'" *Id.* (internal citations and quotations omitted). The United States Supreme Court has itself explained that judges lack immunity "from liability for non-judicial actions," and for judicial acts "taken in the complete absence of all jurisdiction." *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991).

Plaintiff presents no argument that the State Court Transcript reveals the Judiciary Defendants engaged in non-judicial acts, nor does she provide any authority supporting the implication that the State Court Transcript reveals the Judiciary Defendants took actions in the absence of jurisdiction. (*See* Mot. Rec.); *Mireles*, 502 U.S. at 11-12. Instead, the Judiciary Defendants' alleged actions described in the transcript are related to the swearing in and examination of witnesses, admission of documentary exhibits into evidence, and making of custody determinations, (*see id.* at 9; "Exhibit B" or "Ex. B" at 1-4), all of which appear to be judicial acts covered by absolute immunity.[8] As such, the Court concludes the State Court Transcript does not constitute newly discovered evidence that warrants reconsideration in this case. *See In re Tulshi*, 2026 WL 1073053, at *4 ("The Court also finds that the newly raised evidence presented by Appellant does not change the Court's previous conclusion, and thus reconsideration is not warranted."); *Singh v. Droppa*, No. 20-1317, 2025 WL 719553, at *3 (D.N.J. Mar. 6, 2025) ("Under Rule 60(b)(2), a district court has discretion to reopen a judgment only if the newly

---

[8] Plaintiff does not attach the State Court Transcript as an exhibit for the Court's review. (*See* Mot. Rec. at 9.) Plaintiff merely submits a declaration in lieu of the State Court Transcript. (*See* Ex. B.) Therefore, the Court refers only to Plaintiff's descriptions of the State Court Transcript in her moving brief and attached declaration.

discovered evidence is material and 'would probably have changed the outcome' of the proceedings."); *Kandem-Ouaffo v. Colgate Palmolive Co.*, No. 15-7902, 2022 WL 4483716, at *4 (D.N.J. Sept. 27, 2022) ("Moreover, the 'new' evidence presented by Plaintiff does not change the Court's determination that his claims are precluded and thus the evidence fails to meet Rule 60(b)(2)'s requirement that presentation of new evidence justifies relief when it 'would probably have changed the outcome of the [case].'" (quoting *Bohus*, 950 F.3d at 930)).

**iii. Clear Error of Law or Manifest Injustice**

Third, Plaintiff does not demonstrate clear error of law or manifest injustice. "While[] there are no 'strict or precise definitions for clear error of law or fact and manifest injustice,' the focus is on 'the gravity and overtness of the error." *Barel v. Fed. Nat'l Mortg. Ass'n*, No. 19-16054, 2019 WL 13213884, at *1 (D.N.J. Sept. 3, 2019) (citing *In re Energy Future Holdings Corp.*, 904 F.3d 298, 311-12 (3d Cir. 2018)). "For example, a movant could meet his burden under a motion for reconsideration by showing that the court had made an error that is 'plain and indisputable, and that amounts to a complete disregard of the controlling law.'" *Id.* (quoting *Venegas-Hernandez v. Sonolux Recs.*, 370 F.3d 183, 195 (1st Cir. 2004)). Regardless, a movant "must show more than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden." *G-69 v. Degnan*, 748 F. Supp. 274, 275 (D.N.J. 1990) (internal quotation marks omitted).

Plaintiff argues that the Court committed clear error by failing to consider whether she was denied access to the courts in her state proceedings before performing analyses under *res judicata* and *Rooker-Feldman*, dismissing her Rehabilitation Act claim due to an unresolved "factual question of whether the New Jersey Judiciary receives federal financial assistance," failing to

consider her access to court claims under the First and Fourteenth Amendments, and allegedly "consistently resolv[ing] disputed factual inferences against [her] at the pleading stage." (Mot. Rec. at 3-8, 10-14.)

The Court considered and denied Plaintiff's constitutional arguments in its previous Opinion. Specifically, the Court considered, and denied, Plaintiff's arguments that *res judicata* and *Rooker-Feldman* could not apply "absent a constitutionally adequate prior proceeding." (*Id.* at 3; MTD Op. at 15 ("Plaintiff's argument that the Court should ignore *res judicata* because she was allegedly denied access to a sealed transcript is unsupported by any case law and does nothing to undo the finality or legitimacy of the prior rulings in this Court and the Third Circuit."), 17-18 ("Plaintiff's argument that '*Rooker-Feldman* does not protect void acts of state power from constitutional scrutiny' does nothing to cut against the idea that the doctrine still applies to bar the Court from infringing on the state's sole jurisdiction.").) Relatedly Plaintiff's allegations that the Court "failed to address the independent access-to-courts claim arising from denial of transcripts and records," which, as she alleged in her Motion for Reconsideration, raises constitutional claims under the First and Fourteenth Amendments pursuant to 42 U.S.C. § 1983, similarly fail. (Mot. Rec. at 1, 7-8.) In concluding that *res judicata* applied, the Court previously held that Plaintiff's access to courts claim was barred. (*See* MTD Op. at 14-15 ("First, the Court finds that *res judicata* does bar Plaintiff's Section 1983 claims against Judge Gallina-Mecca and the other Judiciary Defendants . . . . Plaintiff has brought Section 1983 claims against Judge Gallina-Mecca, arising from the same alleged conduct in the same underlying family court proceedings at least twice before . . . and in both of those cases, Plaintiff received final judgments on the merits, dismissing her claims.").) Finally, the Court also considered, and denied, Plaintiff's argument that claim preclusion doesn't apply to her access to courts claim. (*See id.* at 15 ("The claim preclusion

doctrine applies to the Section 1983 [claims] against both Judge Gallina-Mecca and Nissirios, as they were parties to Plaintiff's previous lawsuits.").) The Court will therefore not reconsider Plaintiff's constitutional arguments given that she points to no clear error of law or fact in the Court's prior analysis and "recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry" her burden. *See Degnan*, 748 F. Supp. at 275.

Further, the Court properly dismissed Plaintiff's Rehabilitation Act claim. Plaintiff argues that whether the New Jersey Judiciary receives federal funding is a "contested, extrinsic, and fact-intensive element . . . that cannot properly be imposed without discovery or at minimum a developed record." (Mot. Rec. at 4.) However, Plaintiff is wrong on the law. As the Court discussed in its prior Opinion, plaintiffs suing under the Rehabilitation Act must plead that defendants receive federal funding. (*See* MTD Op. at 18 n.5); *CG v. Pennsylvania Dep't of Educ.*, 734 F.3d 229, 235 n.10 (3d Cir. 2013) ("One difference between the ADA and RA is that to bring a claim under the RA, a plaintiff must show that the allegedly discriminating entity receives federal funding."); *Sarboukh v. N.J. Governor Philip Murphy*, No. 22-1622, 2023 WL 5425622, at *4 (D.N.J. Aug. 23, 2023) ("Under the Rehabilitation Act, a plaintiff is also required to show that the entity which allegedly discriminated against him received federal funding."); *Abadi v. Quick Corp.*, No. 21-20272, 2026 WL 2874983, at *4 (D.N.J. Sept. 24, 2026) ("For a Rehabilitation Act claim, [Plaintiff] must plead facts plausibly alleging: '(1) that he has a disability; (2) that he is otherwise qualified for the benefit that has been denied; (3) that he has been denied the benefit solely by reason of his disability; and (4) that the benefit is part of a program or activity receiving Federal financial assistance.'").

Regardless, Plaintiff failed to sufficiently plead that the New Jersey Judiciary received federal funding in her Amended Complaint. Plaintiff instead made a series of hypothetical and

conclusory allegations, including "New Jersey's state court system receives federal funding, including but not limited to grants under programs for court improvement, technology, or *possibly* through federal pass-through funds for family services" and that "*if* any part of the state judiciary or its coordinating agencies accept federal assistance, Section 504 [of the Rehabilitation Act] applies." (*See* ECF 15, "Amended Complaint" or "Am. Compl." ¶ 26 (emphasis added).) These allegations are insufficient to state a claim under the Rehabilitation Act. *See Abadi*, 2026 WL 2874983, at *4 (concluding that a plaintiff's allegation that the defendant was "a recipient of federal funds," was "[w]ithout more . . . the type of factually unsupported allegation that cannot survive a 12(b)(6) motion"); *Dalton v. Saint Barnabas Med. Ctr.*, No. 21-5354, 2025 WL 2808156, at *9 (D.N.J. Sept. 30, 2025) (concluding that a plaintiff's assertions that "all Defendants including corporate entities and individuals receive federal funds through Medicare and Medicaid" and "some private corporate entities and state entities receive federal funding for research" were "[un]supported by any factual basis" and "f[e]ll far short of satisfying basic pleading standards").[9] Nonetheless, as the Court previously described, Plaintiff's Rehabilitation Act claim also fails because Plaintiff failed to plead facts sufficient to establish that her benefits were denied because of her disability. (MTD Op. at 18.) The Court did not commit legal error when it dismissed Plaintiff's claim under the Rehabilitation Act.

[9] That Plaintiff presents additional evidence in her Motion for Reconsideration in support of her claim that the state actors she has sued do in fact receive federal funding is of no moment. (*See* Mot. Rec. at 5-7.) At the reconsideration stage, the Court will not consider evidence that was previously available. *Sanders v. Trinitas Hosp.*, No. 02-1655, 2005 WL 2077314, *3 (D.N.J. Aug. 25, 2005) ("There is a strong policy against entertaining reconsideration motions based on evidence that was readily available at the time that the original motion was heard and the Court may, in its discretion, refuse to consider such evidence."); *Kitele v. Versace USA, Inc.*, No. 17-3663, 2019 WL 13319451, at *2 (D.N.J. Mar. 12, 2019) ("A motion for reconsideration cannot be used merely to relitigate old matters or to present evidence that was already available to the Court during its initial consideration."). The Court finds that such evidence was previously available and Plaintiff does not argue that it was previously unavailable.

Finally, Plaintiff points to no clear errors of law or fact in her claim that the Court "resolve[d] disputed factual inferences against [her] at the pleading stage." (Mot. Rec. at 10.) Plaintiff's argument reflects that she merely disagrees with the Court's legal analysis, as Plaintiff herself states: "although the Court has given lip service to 'the facts drawn from the complaint [being] accepted as true' or 'constru[ing] Plaintiff's *pro se* filings liberally,' the practical application of those standards has been, in *Plaintiff's view*, the exact opposite." (*Id.* at 12 (emphasis added).) But as courts in this District have consistently held, "mere disagreement" does not suffice to warrant reconsideration. *See ABS Brokerage Servs. LLC*, 2010 WL 3257992, at *6; *Degnan*, 748 F. Supp. at 275.

The Court thoroughly considered the allegations Plaintiff raised in her Amended Complaint and the arguments made in her Motion for Reconsideration. The Court concludes Plaintiff fails to demonstrate any factors warranting reconsideration of this Court's Opinion dismissing her Amended Complaint. Plaintiff Patricia Lee's Motion for Reconsideration in Civil Action No. 25-13291 is therefore **DENIED**.

### C. The Court Denies Plaintiffs Patricia Lee and Bandy Lee's Motion for Reconsideration of its March 3, 2026 Opinion and Order in Civil Action No. 23-6495

Pursuant to Rules 59(e), 60(a), and 60(b), Plaintiffs seek reconsideration of this Court's March 3, 2026 Opinion and Order dismissing their Third Amended Complaint against Defendant Piacenza with prejudice in Civil Action No. 23-6495. (*See* TAC Op.; Mot. TAC Rec.) Plaintiffs argue that the Court's decision to not consider Plaintiffs' untimely opposition warrants reconsideration. (*See* Mot. TAC Rec. at 5-6.) Plaintiffs further argue that reconsideration is warranted to prevent manifest injustice as the Court allegedly recharacterized Plaintiffs' claims and prematurely dismissed them with prejudice. (*See id.* at 6-8.)

**1. Rule 60(a) Is Improper Because Plaintiffs' Requested Relief Is Beyond the Scope of the Rule**

Rule 60(a) allows a court to "correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." The Third Circuit limits Rule 60(a) motions "to the correction of 'clerical mistakes'" as the Rule "encompasses only errors 'mechanical in nature, apparent on the record, and not involving an error of substantive judgment.'" *Pfizer Inc. v. Uprichard*, 422 F.3d 124, 129-30 (3d Cir. 2005) (citations omitted). "Rule 60(a) is concerned primarily with mistakes which do not really attack the party's fundamental right to the judgment at the time it was entered . . . . To that end 60(a) permits, inter alia, reasonable additions to the record. In contrast, Rule 60(b) is concerned with changing a final judgment." *United States v. Stuart*, 392 F.2d 60, 62 (3d Cir. 1968). Accordingly, "[t]he relevant test for the applicability of Rule 60(a) is whether the change affects substantive rights of the parties and is therefore beyond the scope of Rule 60(a) or is instead a clerical error, a copying or computational mistake, which is correctable under the Rule." *Pfizer Inc.*, 422 F.3d at 130 (citations omitted).

Here, Plaintiffs do not seek a minor clerical correction of the Court's March 3, 2026 Opinion and Order. Rather, they request that the Court vacate its Opinion and Order, consider Plaintiffs' opposition brief, and reinstate the TAC or amend the judgment to dismissal without prejudice. (Mot. TAC Rec. at 9.) Either form of requested relief "would substantively alter the parties' positions with respect to the Judgment." *Daiichi Sankyo v. Mylan Pharms. Inc.*, No. 07-3039, 2016 WL 6138241, at *5 (D.N.J. Oct. 20, 2016). Therefore, such relief is prohibited under Rule 60(a) and "is only available under Rule 60(b)(1), which allows a party to seek relief from a judgment based on a mistake." *Avila v. Att'y Gen.*, No. 18-9422, 2024 WL 772498, at *2 (D.N.J.

Feb. 26, 2024); *see also Daiichi Sankyo*, 2016 WL 6138241, at *4 (denying a Rule 60(a) motion where "the relief [sought] is properly provided for under Rule 59(e) or 60(b)").

Accordingly, the Court turns to analyzing Plaintiffs' Motion for Reconsideration under Rules 59(e) and 60(b).

**2. Plaintiffs Fail to Demonstrate Any Basis for Reconsideration Under Rules 59(e) and 60(b)**

Plaintiffs argue that relief from the Court's Opinion and Order dismissing the TAC with prejudice is warranted to prevent "excusable neglect" under Rule 60(b)(1), "extraordinary circumstances" under Rule 60(b)(6), and "manifest injustice" under Rule 59(e). (*See* Mot. TAC Rec. at 4-6.) Defendant Piacenza argues that Plaintiffs' missing a deadline to file opposition papers by over five months does not constitute "excusable neglect" as parties have an obligation to monitor their cases. (TAC Opp. at 4-5.) Defendant further argues that the Court properly disregarded Plaintiffs' conclusory and speculative allegations in the TAC, and therefore denying reconsideration of the Court's Opinion and Order does not create "extraordinary circumstances" or "manifest injustice." (*See id.* at 7-11.) The Court addresses and denies each ground for reconsideration in turn.

**i. Excusable Neglect**

Rule 60(b)(1) allows a party to seek relief from a final judgment due to "excusable neglect." *See* Fed. R. Civ. P. 60(b)(1). Here, Defendant Piacenza moved to dismiss Plaintiffs' TAC on July 23, 2025. (ECF 58.) Defendant's motion was set for August 18, 2025, and thus Plaintiffs' opposition papers were due on or before August 4, 2025. (*See* ECF 60.) Over five months after their deadline, Plaintiffs filed a letter alleging that they timely submitted an opposition brief and "were surprised to discover that the brief d[id] not appear to be reflected as filed" on January 15, 2026. (*Id.*) Plaintiffs characterized the delay as "an apparent docketing issue" and attached their

brief for the Court's consideration. (*Id.*) In response, Defendant opposed consideration of Plaintiffs' untimely brief. (ECF 61.) The Court then did not find good cause to consider Plaintiffs' untimely opposition, noting that "Plaintiffs are frequent filers and, although they are *pro se*, have demonstrated a basic knowledge of the court system." (TAC Op. at 4 (citing Fed. R. Civ. P. 6(b)).) Plaintiffs subsequently moved for reconsideration, arguing that the alleged docketing issue that resulted in the untimely filing of their opposition brief is "excusable neglect." (*See* Mot. TAC Rec. at 6 (citing Fed. R. Civ. P. 60(b)(1)).)

"[F]or purposes of Rule 60(b), 'excusable neglect' is understood to encompass situations in which the failure to comply with a filing deadline is attributable to negligence." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 394 (1993). "In *Pioneer*, the Supreme Court articulated the standard for finding excusable neglect," and therefore courts in this District apply *Pioneer* when considering Rule 60(b)(1) motions. *Ragguette v. Premier Wines & Spirits, Ltd*, 424 F. App'x 155, 156 (3d Cir. 2011); *see also Ethan Michael Inc. v. Union Twp.*, 392 F. App'x 906, 909 (3d Cir. 2010) ("The District Court correctly identified the four *Pioneer* factors as the proper test under Rule 60(b)(1) to determine if a party's neglect was excusable."). The standard consists of four factors: "(1) the danger of prejudice to the non-movant; (2) the length of the delay and the impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith." *Ragguette*, 424 F. App'x at 156-57 (citation omitted). "District courts must consider and balance all factors, and 'no one factor trumps the others.'" *Perrigo Institutional Inv. Grp. v. Papa*, 150 F.4th 206, 217 (3d Cir. 2025) (citation omitted); *see also Ethan Michael Inc.*, 392 F. App'x at 909-10 (noting that the *Pioneer* standard "is an equitable test, which requires a court to take into account the totality of the circumstances").

**a. The Reason for the Delay and Whether It Was Within Plaintiffs' Reasonable Control**

The Court starts its analysis with *Pioneer*'s third factor. *See Roofer's Pension Fund v. Papa*, No. 16-2805, 2024 WL 4205638, at *12 (D.N.J. Sept. 12, 2024), *aff'd sub nom. Perrigo Institutional Inv. Grp. v. Papa*, 150 F.4th 206 (beginning with *Pioneer*'s second and third factors when those factors "strongly disfavor" relief). As noted above, Plaintiffs contend that the delay in filing their opposition resulted from a "docketing issue" as "all electronic indicators available to [Plaintiffs] reflect that submission was completed on the applicable deadline of August 4, 2025." (ECF 60.) Defendant disputes Plaintiffs' premise as he "never received electronic notification of anything having been filed by Plaintiffs on August 4, 2025." (ECF 61.)

First, the Third Circuit has rejected claims of excusable neglect where the movant shifts blame to the court's electronic filing system. *See Ragguette v. Premier Wines & Spirits*, 691 F.3d 315, 329 (3d Cir. 2012); *Nara v. Frank*, 488 F.3d 187, 194 (3d Cir. 2007). Moreover, in her declaration, Plaintiff Bandy Lee stated that she "personally prepared, in communication with Plaintiff Patricia Lee, signed, and submitted" the opposition brief. (Mot. TAC Rec. at Ex. 1 ¶ 2.) She further confirmed that she is an electronic filer who has "successfully" filed through the Court's system "multiple times" since consenting to electronic notice on December 8, 2023. (*Id.* ¶¶ 5, 9; ECF 15.) Accordingly, if Plaintiffs' opposition brief had in fact been filed on August 4, 2025, "a notice of such a filing would have immediately been sent via e-mail to any and all [registered electronic filers]." *Ragguette*, 691 F.3d at 329. Indeed, Plaintiffs attach three examples of such automatically generated electronic filing notice e-mails that Plaintiff Bandy Lee received for other filings in this case. (*See* TAC Rec. Reply at Exs. G-I.) Thus, Plaintiff Bandy Lee should have known that their brief had not been filed because she did not ever receive a notice of electronic filing. (*Cf. id.*); *Ragguette*, 691 F.3d at 329. "Having not received such a notice, any reasonably

competent [experienced litigant] would have looked into whether [the brief] had been properly filed." *Id.* Plaintiffs also could have discovered the fact that their brief was not filed if they investigated after receiving no notice indicating that Defendant filed a reply brief on the August 11, 2025 deadline. (*See* TAC Opp. at 4.) Finally, Plaintiffs "have an ongoing duty to monitor the Court's docket" and "should have taken affirmative action" to confirm that their opposition brief was indeed filed on the Court's docket.[10] *See, e.g.*, *Sheinberg v. Sorensen*, No. 00-6041, 2007 WL 496872, at *3 (D.N.J. Feb. 8, 2007).

The Court finds that the delay was well within Plaintiffs' reasonable control, and therefore *Pioneer*'s third factor strongly weighs against a finding of excusable neglect. *See Ragguette*, 691 F.3d at 329; *Nara*, 488 F.3d at 194.

**b. The Length of the Delay and Potential Impact on Judicial Proceedings**

After the August 4, 2025 deadline, Plaintiffs took no action for five months and eleven days. (ECF 60.) The Court finds that Plaintiffs' delay is substantial. *See, e.g.*, *Liguori v. Allstate Ins. Co.*, No. 14-636, 2015 WL 71384, at *2 (D.N.J. Jan. 6, 2015) (quotation marks and citations omitted) (finding that "the second *Pioneer* factor strongly favors denying relief" where plaintiffs did not take action "for roughly five and a half months"); *Kohl's Dep't Stores, Inc. v. Levco-Route*

[10] Although Plaintiffs attach screenshots of a dateless submission confirmation, communications that allegedly took place on August 4, and a file folder on a personal computer to support their argument that they believed their brief was timely submitted, (*see* Mot. TAC Rec at Exs. C-E; TAC Rec. Reply at 6), such evidence is insufficient to mitigate Plaintiffs' failure to check the docket to confirm submission. Plaintiffs additionally point to processing delays in three of their submissions to argue against their duty to monitor the Court's docket. (*See id.* at 4, 7.) However, the alleged "wildly inconsistent intervals" of docketing ranged from within hours of submission to four days (including weekend days), (*see id.*), and again is insufficient to mitigate Plaintiffs' inaction. Notably, even where there is a processing delay, notices of electronic filings include the date the party filed the document and the date the clerk entered it; thus, timely filings are not impacted. (*See id.* at Exs. G-I.)

*46 Assocs., L.P.*, 121 F. App'x 971, 975 (3d Cir. 2005) (affirming district court's determination that a four-month delay was inexcusable).

Additionally, although the Court observed that it did not find good cause to consider Plaintiffs' untimely opposition, (TAC Op. at 4), the Court did not grant Defendant's motion on the grounds that it was, in effect, unopposed. Rather, the Court applied Rule 12(b)(6) to Plaintiffs' TAC and dismissed it in its entirety because Plaintiffs failed to state a claim. (*See generally id.*) Moreover, the Court's dismissed all counts with prejudice because further amendment of Plaintiffs' deficient Third Amended Complaint was futile. (*Id.*) The fact that Plaintiffs disagree with the Court's reasoning, (*see* Mot. TAC Rec. at 6-9), does not warrant reconsideration as Rule 60(b) cannot be "used to ask the Court to rethink what it has already thought through." *Sch. Specialty, Inc.*, 2015 WL 4602995, at *3.

Accordingly, considering Plaintiffs' opposition "would not change the outcome of the case." *Pezzano v. Liberty Mut. Mid Atl. Ins. Co.*, No. 22-2151, 2025 WL 2778460, at *5 (D.N.J. Sept. 30, 2025). Vacating the Court's ruling would "require[] [the Court] to expend more of its already limited resources in addressing a motion that it has already resolved on the merits." *Id.* Moreover, the three-year case "would be unnecessarily protracted and the judicial interests in case management and finality would be severely undermined." *Id.* Therefore, the second *Pioneer* factor strongly weighs against the relief Plaintiffs seek.

**c. The Danger of Prejudice to Defendant**

"Under *Pioneer*, 'prejudice is not an imagined or hypothetical harm; a finding of prejudice should be a conclusion based on facts in evidence.'" *Perrigo Institutional Inv. Grp.*, 150 F.4th at 217 (quoting *In re O'Brien Env't Energy, Inc.*, 188 F.3d 116, 127 (3d Cir. 1999)). Here, "[w]hile the Court acknowledges that the prejudice to Defendant may be little, it is not . . . non-existent."

*Sokol v. Wells Fargo Bank, N.A.*, No. 21-16758, 2023 WL 7002563, at *3 (D.N.J. Oct. 24, 2023), *aff'd,* No. 23-3141, 2024 WL 3579602 (3d Cir. July 30, 2024). When objecting to the Court's consideration of Plaintiffs' untimely submission, Defendant noted that he considered Plaintiffs' ability to respond to his motion to dismiss the TAC as waived. (ECF 61.) Indeed, Defendant is prejudiced by no timely notice of Plaintiffs' opposition brief and cross-motion to strike Defendant's motion. (*See id.*) Moreover, Plaintiffs initiated this action more than three years ago for conduct that allegedly occurred in 2022. (*See generally* TAC.) As such, over five months in further delay of this action prejudices Defendant as he "faces the potential loss of evidence [and] fading memories." *See Sokol*, 2023 WL 7002563, at *3.

However, Defendant alternatively requested the opportunity to reply if the Court had accepted Plaintiffs' late submission. (ECF 61.) Defendant's subsequent harm of incurring additional cost in connection with responding "is not—without more, sufficient to establish prejudice." *Pezzano*, 2025 WL 2778460, at *4 (quotation marks and citations omitted). "And while Defendant surely has an interest in the finality of the Court's judgment in its favor, this interest alone is insufficient to establish prejudice." *Id.* Accordingly, the first *Pioneer* factor is neutral when weighing whether there is excusable neglect here.

**d. Whether Plaintiffs Acted in Good Faith**

"[A] party acts in good faith where it acts with reasonable haste to investigate the problem and to take available steps toward remedy." *Kohl's Dep't Stores, Inc.*, 121 F. App'x at 976. Courts in this District have held that when a party "'acted with no haste whatsoever,' . . . their 'lack of diligence . . . cannot support a finding of good faith.'" *Jeong v. GEICO*, No. 24-365, 2025 WL 3763936, at *3 (D.N.J. Dec. 30, 2025) (quoting *Pezzano*, 2025 WL 2278460, at *6-7). Here, Plaintiffs acknowledge that they have received notifications for filings in this case. (*See* TAC Rec.

Reply at Exs. G-I.) "Yet [Plaintiffs] apparently failed to notice that . . . nothing was ever filed" for over five months. *Pezzano*, 2025 WL 2278460, at *7. While their lack of diligence does not mean that Plaintiffs "acted in bad faith, maliciously, intentionally, or even with gross negligence," the Court cannot find that Plaintiffs acted in good faith. *Id.*

Additionally, upon discovering that their opposition was not timely filed, Plaintiffs promptly alerted the Court. (*See* ECF 60.) Plaintiffs also promptly moved for reconsideration after the Court issued its ruling. (*See* Mot. TAC Rec.) Therefore, *Pioneer*'s fourth factor is neutral because Plaintiffs did not act without haste for the entire time period after Defendant moved to dismiss.

Having considered the totality of the circumstances, the Court concludes that *Pioneer*'s first and last factors cannot overcome the weight of the second and third factors. Therefore, Plaintiffs have not established that excusable neglect warrants relief from this Court's March 3, 2026 Opinion and Order under Rule 60(b)(1).

**ii. Any Other Reason**

"Rule 60(b)(6) is a catch-all provision that permits vacating a final judgment." *Pecos River Talc LLC v. Moline*, No. 23-2990, 2026 WL 559303, at *10 (D.N.J. Feb. 27, 2026). "The standard for granting a Rule 60(b)(6) motion is a high one. The movant must show 'extraordinary circumstances' to justify reopening a final judgment." *Michael v. Wetzel*, 570 F. App'x 176, 180 (3d Cir. 2014) (per curiam). "[A] showing of extraordinary circumstances involves a showing that without relief from the judgment, an extreme and unexpected hardship will result." *Budget Blinds, Inc. v. White*, 536 F.3d 244, 255 (3d Cir. 2008) (internal quotation and citation omitted). Further, Rule 60(b)(6) "is available only when Rules 60(b)(1) through (b)(5) are inapplicable." *Kemp v. United States*, 596 U.S. 528, 533 (2022).

Here, Plaintiffs argue that absent relief they would suffer extreme and unexpected hardship in the form of being "deprived of their opportunity to be heard on claims that have never been adjudicated on the merits and that allege severe harm and profound injustice." (TAC Rec. Reply at 8.) Plaintiffs further argue that extraordinary circumstances exist because the Court allegedly relied on the absence of Plaintiffs' opposition in deciding this matter. (*See id.*) However, not only are Plaintiffs' arguments refashioned from Rule 60(b)(1), but as discussed above, the Court did not procedurally grant Defendant's motion to dismiss in light of Plaintiffs' missing opposition brief. (*See supra*.) Rather, this Court heard Plaintiffs' claims that they alleged in their Third Amended Complaint and dismissed them on the merits via detailed Rule 12(b)(6) analysis. (*See* TAC Op.)

Accordingly, Plaintiffs have not identified "any other reason that justifies relief" from this Court's March 3, 2026 Opinion and Order. *See* Fed. R. Civ. P. 60(b)(6); *see also Gov't Emps. Ins. Co. v. Caring Pain Mgmt. PC*, No. 22-5017, 2025 WL 2017255, at *7 (D.N.J. July 18, 2025) ("The Court denies relief under such grounds for reasons already previously detailed in prior sections."); *Roggio v. Fed. Bureau of Investigation*, No. 08-4991, 2024 WL 3898020, at *7 (D.N.J. Aug. 22, 2024) ("[Plaintiff]'s arguments, at best, only express a disagreement with the Court's . . . Opinion and Order. That is insufficient to warrant relief under Rule 60(b)(6).").

**iii. Manifest Injustice**

In seeking reconsideration under Rule 59(e), Plaintiffs have not alleged an intervening change in the law or the availability of new evidence. Therefore, their Motion is based on the third factor: "the need to correct a clear error of law or fact or prevent manifest injustice." *In re Energy Future Holdings Corp.*, 904 F.3d at 311. "[T]here is substantial, if not complete overlap between the two concepts." *Id.*; *see also Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d

669, 677 (3d Cir. 1999) ("The purpose of a motion for reconsideration … is to correct manifest errors of law or fact." (quoting *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985))). Courts must "focus … on the gravity and overtness of the error." *In re Energy Future Holdings Corp.*, 904 F.3d at 312. Lastly, "the movant 'must show more than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden.'" *Barel*, 2019 WL 13213884, at *1 (quoting *G-69*, 748 F. Supp. at 275).

Plaintiffs argue that the Court committed clear error by misapplying the Rule 12(b)(6) standard and impermissibly recharacterizing Plaintiffs' claims, drawing inferences against them, and resolving factual disputes at the motion to dismiss stage. (*See* Mot. TAC Rec. at 6-8; TAC Rec. Reply at 9-11.) The Court did not do so. Overall, this Court found Plaintiffs' allegations regarding Defendant Piacenza's involvement in their arrests to be conclusory, (*see generally* TAC Op.), despite Plaintiffs' "detailed pleading of coordination and motive." (Mot. TAC Rec. at 7-8.) Specifically, for Count I, this Court reasoned that the TAC failed to establish Defendant's personal involvement in Plaintiffs' arrests because their allegations that Defendant reported false information to the police to orchestrate Plaintiffs' arrests were conclusory. (TAC Op. at 5-7 (citing, *inter alia*, TAC ¶ 39).) For Count II, this Court found that Plaintiffs pled only conclusory allegations as to the required element of a causal connection between Defendant's allegedly retaliatory action of calling the police and Plaintiffs' protected speech. (*Id.* at 7-8.) Finally, for Count III, this Court dismissed Plaintiffs' equal protection claim because the facts in the TAC did not "rise above sheer speculation that Piacenza called the police because of [Plaintiffs'] race or gender." (*Id.* at 8-9.)

Plaintiffs' arguments amount to "disagreement with the Court's decision," *G-69*, 748 F. Supp. at 275, as they merely reiterate the factual allegations in the TAC that were already before the Court. (*See* Mot. TAC Rec.) Therefore, Plaintiffs fail to identify a manifest error of law or fact that justifies reconsideration of this Court's Opinion and Order under Rule 59(e). *See ABS Brokerage Servs. LLC*, 2010 WL 3257992, at *6. Accordingly, in conjunction with its Rules 60(a) and (b) analysis, the Court concludes that reconsideration of its March 3, 2026 Opinion and Order dismissing Plaintiffs' Third Amended Complaint with prejudice. Plaintiffs' Motion for Reconsideration in Civil Action No. 23-6495 is therefore **DENIED**.

### D. The Court Grants Plaintiffs Patricia and Bandy Lee's Motion to Reopen Time to File an Appeal of its July 27, 2026 Opinion and Order in Civil Action No. 23-6495

Generally, a party must file a notice of appeal within 30 days of a district court's order. *See* Fed. R. App. P. 4(a)(1); *see also Bowles v. Russell*, 551 U.S. 205, 213 (2007) ("[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement."). However, Federal Rule of Appellate Procedure 4(a)(6) provides a mechanism for a district court to reopen the time for a party to file an appeal for a period of 14 days. In Civil Action No. 23-6495, Plaintiffs moved to reopen time to file an appeal of this Court's July 27, 2026 Opinion and Order denying their motion for reconsideration of the Court's dismissal of the Second Amended Complaint against Defendants Judge Gallina-Mecca and Nissirios. (Mot. App.)

Plaintiffs "bear[] the burden of demonstrating they did not receive notice . . . ." *Mouzone v. City of Passaic*, No. 23-23420, 2025 WL 3022169, at *2 (D.N.J. Oct. 29, 2025) (citation omitted). Here, Plaintiffs filed declarations stating that they did not receive notice of the Opinion and Order within 21 days of July 27, 2026. (Mot. App. at 9.) Defendants argue that Plaintiff

Bandy Lee received notice on the date of entry pursuant to Rules 77(d) and 5(b) because she consented to receive notice of documents electronically. (App. Opp. at 5.)

Although service of a document is complete upon a registered user when electronically filed, here, service "[wa]s not effective [because] the filer or sender learn[ed] that it did not reach the person to be served." Fed. R. Civ. P. 5(b)(2)(E). While Defendants are correct to note that Bandy Lee has consented to electronic notice and is a registered user of the Court's electronic-filing system, (*see* ECF 15), as noted above, Bandy Lee was terminated as a plaintiff in this matter as of March 9, 2026 due to the fact that Patricia Lee was named as the sole plaintiff in an amended complaint that was inadvertently filed on this docket on March 9.[11] (ECF 72.) Therefore, the Court accepts Plaintiffs' assertion that they did not receive notice of the subsequent July 27, 2026 Opinion and Order under Rules 77(d) and 5(b) within 21 days of the entry.[12] *See* Fed. R. App. P. 4(a)(6)(A).

Moreover, Plaintiffs filed their Motion within 14 days of discovering the July 27, 2026 Opinion and Order on September 8, 2026. (*See* Mot. App.); Fed. R. App. P. 4(a)(6)(B). Finally, Defendants do not argue, (*see* App. Opp.), and the Court does not find, that any party would be prejudiced by granting Plaintiffs' Motion to Reopen Time to File an Appeal. *See* Fed. R. App. P. 4(a)(6)(C); *Caicedo v. Warden, FCI Fort Dix*, No. 25-709, 2026 WL 2594838, at *2 (D.N.J. Sept. 2, 2026). Because the Court finds that all three conditions set forth in Federal Rule of Appellate

---

[11] In this Opinion and accompanying Order, the Court strikes the amended complaint filed at ECF No. 72. Accordingly, for appellate purposes, Plaintiffs' Third Amended Complaint, which this Court dismissed with prejudice on March 3, 2026 and denied reconsideration of in this Opinion and accompanying Order, is the operative complaint and Bandy Lee's status as plaintiff in this matter is restored.

[12] The Court notes that notice of the electronic filing was emailed to Plaintiff Patricia Lee. However, Defendants note that Patricia Lee "is not an electronic filer" and presumed notice only through her relationship as Bandy Lee's sister. (App. Opp. at 5 n.1.)

Procedure 4(a)(6) are satisfied, Plaintiffs' Motion to Reopen Time to File an Appeal in Civil Action No. 23-6495 is **GRANTED**.

### E. The Court Denies the Motions Objecting to Consolidation

Plaintiffs assert similar arguments in their Motions Objecting to Consolidation in both matters. (*Compare* Mot. Obj. Con. (Civil Action No. 25-13291), *with* ECF 82 (Civil Action No. 23-6495).) In essence, Plaintiffs argue that consolidation is inappropriate because it risks confusion and prejudicing the parties, and because the two cases involve different questions of law and fact and different defendants. (*See* ECF 82; Mot. Obj. Con.; Con. Reply.) Defendants argue that the two cases do in fact involve common questions of law and fact, and that consolidation would be in the interest of judicial economy. (Jud. Con. Opp.; Nis. Con. Opp.) The Court agrees with Defendants and concludes consolidation is appropriate.

First, both cases derive from a common set of facts: Plaintiff Patricia Lee's underlying state family court proceedings. Civil Action No. 25-13291 arises from Plaintiff Patricia Lee's allegations that Defendants violated her rights throughout her state court child custody proceedings. (Mot. Obj. Con. at 4-5; ECF 82 at 4-5.) And as Plaintiffs admit, Civil Action No. 23-6495 initially arose from claims that Defendants Gallina-Mecca and Nissirios violated the rights of her sister, Plaintiff Bandy Lee, during the same child custody proceedings. (*Id.* (noting that Bandy Lee's claims arose "in connection with her efforts to assist, speak about, and participate in matters surrounding the state proceedings").) Plaintiffs concede that the two cases share facts, noting in their papers that they "ultimately arise from the same broad family court history," (*id.*), and that Plaintiff Patricia Lee"does not dispute that" the two cases "arise from related factual circumstances." (Con. Reply at 3.) The Court therefore concludes that, for the purposes of consolidation, the two cases arise from a common set of facts. *See Loatman*, 2023 WL 2917232

at *2 (finding that two cases involved common questions of fact where the claims "stem[med] from the respective credit reporting agency's failure to incorporate certain information from the same vendor regarding Plaintiff's bankruptcy history").

Second, the two cases share common questions of law. In Civil Action No. 25-13291, Plaintiff Patricia Lee alleges Defendants violated her rights under Title II of the Americans with Disabilities Act ("ADA") and the Rehabilitation Act by failing to provide her with reasonable accommodations and excluding her from state court activities because of her disability; under the Fourteenth Amendment pursuant to 42 U.S.C. § 1983 by excluding her from state court proceedings and depriving her of an opportunity to be heard; and under the First Amendment pursuant to 42 U.S.C. § 1983 by denying her access to the courts. (*See* Am. Compl. ¶¶ 19-37.) In Civil Action No. 23-6495, Plaintiffs similarly allege violations of the First and Fourteenth Amendments while also including false arrest allegations for arrests that occurred in the wake of Plaintiff Patricia Lee's state court proceedings. (*See* SAC ¶¶ 70-108; TAC ¶¶ 36-62.) Although the overlap is not identical, it is undisputable that the two cases contain several common questions of law.

While Plaintiffs argue that the two cases should not be consolidated because there is some variance in plaintiffs, defendants, injuries, and legal questions, this Court has repeatedly held that cases "need not be identical to permit consolidation" as long as they share "common question[s] of law or fact." *See Benton v. Platkin*, No. 24-7098, 2025 WL 1742692, at *2-3 (D.N.J. June 23, 2025) ("In considering a request to consolidate, on one hand, the Court is mindful that two actions need not be identical but could instead simply share 'common question[s] of law or fact.'" (quoting *In re Cendant Corp. Litig.*, 182 F.R.D. 476, 478 (D.N.J. 1998))); *Neal v. ASTA Funding, Inc.*, No.

13-6981, 2014 WL 12783364, at *2 n.3 (D.N.J. Dec. 30, 2014) ("Thus, consolidation occurs even where cases do not share 'complete identity of law or facts.'" (internal citations omitted)).

Finally, consolidation would further judicial economy and efficiency. Consolidation would streamline the claims brought by and against the various parties given the common questions of fact and law. Further, given the common questions of fact and law across the two cases, any potential "discovery in both cases will likely involve many of the same documents and witnesses," and any "duplication of effort and time by the parties would result in a waste of judicial resources and unnecessary costs to the parties." *Salem Steel N. Am., LLC v. Shanghai Shangshang Stainless Steel Pipe Co., Ltd.*, No. 08-4827, 2009 WL 2169243, at *2 (D.N.J. Jul. 21, 2009). The need for consolidation is further reflected by Plaintiffs' filing of analogous motions seeking the recusal of the undersigned and opposing consolidation in both cases. (*See* Mot. R.D.; Mot. Obj. Con.; ECF 79; ECF 82.) Although both actions have been dismissed with prejudice and are pending various appeals, consolidation would prevent such duplicative motion practice from occurring in the future. *See Nationwide Ambulance Serv., Inc. v. SafeGuard Serv., LLC*, No. 11-5213, 2012 WL 3647406, at *2 (D.N.J. Aug. 22, 2012). Accordingly, the Court **DENIES** both Motions Objecting to Consolidation filed in Civil Action Nos. 25-13291 and 23-6495.

**F. Plaintiffs Are Precluded from Subsequent Filing in this District**

The Court finds that Plaintiffs' recent filings in these matters, as well as their other lawsuits arising out of Plaintiff Patricia Lee's state court proceedings, demonstrate an escalating pattern of abusing the litigation process in this District. Since the Court's stay of its consolidation order on September 22, 2026, Plaintiffs have submitted multiple letters to the Court, some of which contain sensitive and derogatory information. (*See* ECF Nos. 88, 91, 92 (Civil Action No. 23-6495); ECF Nos. 69, 73, 74, 76 (Civil Action No. 25-13291).) In addition to Plaintiffs' recent and inappropriate

letters, Plaintiffs have an extensive history of unsuccessful litigation in this District spanning several years. *See Lee v. Gallina-Mecca*, No. 21-20197, 2022 WL 4354724 (D.N.J. Sept. 19, 2022), *aff'd*, No. 22-2871, 2023 WL 5814783 (3d Cir. Sept. 8, 2023); *Lee ex rel. M.C. v. Chan*, No. 22-7266, 2022 WL 17820258 (D.N.J. Dec 20, 2022), *aff'd*, No. 23-1133, 2023 WL 4758453 (3d Cir. Jul. 26, 2023); *Lee et al. v. Gallina-Mecca et al.*, No. 23-6495, 2025 WL 444436 (D.N.J. Feb. 10, 2025), *appeal filed*; *Lee v. Novey Catuogno et al.*, No. 25-13291, 2026 WL 1180096, (D.N.J. Apr. 30, 2026); *Lee v. Nissirios et al.*, No. 25-1295, 2026 WL 2654274 (D.N.J. Sept. 9, 2026), *appeal filed*. Lastly, the Court notes that Plaintiffs continue to repeat allegations that were asserted and dismissed in prior lawsuits across these matters and Plaintiff Patricia Lee's pending matter before Judge Farbiarz, (Civil Action No. 25-2676).

"This Court must ensure that its limited resources are allocated in such a manner as to protect and promote the interests of justice. Thus, it is within this Court's inherent power to protect the courts from [Plaintiffs'] oppressive, meritless, frivolous and vexatious litigation, by enjoining [them] from access to the federal court system without prior leave of this Court." *Hallett v. New Jersey State*, No. 09-3704, 2009 WL 2843886, at *7 (D.N.J. Sept. 1, 2009). Moreover, the All Writs Act, 28 U.S.C. § 1651, further supports the Court's preclusion authority. *See In re Oliver*, 682 F.2d 443, 445 (3d Cir. 1982) ("It is well within the broad scope of the All Writs Act for a district court to issue an order restricting the filing of meritless cases by a litigant whose manifold complaints raise claims identical or similar to those that have already been adjudicated.").

Accordingly, the Court hereby precludes Plaintiffs Patricia Lee and Bandy Lee from filing any pleading, letter, motion, or document in this District as *pro se* litigants, apart from pending litigation, without first obtaining written permission from the Court. *See, e.g.*, *Grant v. Elias*, Nos. 19-12065, 19-20535, 19-21201, 2020 WL 5362171, at *2 (D.N.J. Sept. 8, 2020) (precluding a *pro*

*se* plaintiff from filing further motions without permission); *Hallett*, 2009 WL 2843886, at *8 (barring and enjoining a *pro se* plaintiff from "filing any document or pleading of any kind in this District Court . . . except in pending litigation" without permission). In effect, this preclusion order bars and enjoins Plaintiffs from filing any document of any kind in this District, to include the now consolidated and closed Civil Action Nos. 23-6495 and 25-13291, but with the exception of pending Civil Action No. 25-2676, unless Plaintiffs (1) seek leave of the Court to file any such document and (2) a judge in this District grants Plaintiffs leave to file such document.

## IV. CONCLUSION

For the reasons stated above, Plaintiffs' Motion to Reopen Time to File an Appeal is **GRANTED**; Plaintiffs' Motions for Recusal and Disqualification of the Undersigned, Motions for Reconsideration, and Motions Objecting to Consolidation are **DENIED**; and Plaintiffs are **PRECLUDED** from future filing in this District without permission, except for pending litigation. An accompanying order follows.

*/s/ Jamel K. Semper*
**HON. JAMEL K. SEMPER**
**United States District Judge**

Orig: Clerk
cc: Michael E. Farbiarz, U.S.D.J.
Stacey D. Adams, U.S.M.J.
Jose R. Almonte, U.S.M.J.
Leda D. Wettre, U.S.M.J.
Parties